Lidderdale
v.
Robinson.

—————

[LOCAL LAW.]

LIDDERDALE's Executors *against* The Executor of Ro-
BINSON.

Under the statute of Virginia, giving to debts due on protested bills of exchange, the rank of judgment debts, a joint endorser, who has paid more than his proportion of the debt, has a right to satisfaction out of the assets of his co-endorser, with the priority of a judgment creditor.

*Feb. 9th.*  THIS cause was argued by Mr. *Powell,* for the plaintiffs, no counsel appearing for the defendants.[a]

*Feb. 17th.*  Mr. Justice JOHNSON delivered the opinion of the Court.
The question to be decided in this cause is certified to this Court on a division of opinion from the judges of the Virginia district.

a 8 *Ves.* 382.  12 *Ves.* 413.  2 *Vern.* 608.  11 *Ves.* 22.  2 *Call.* 125.  3 *Call.* 329.  1 *Randolph,* 466.  3 *Wheat. Rep.* 520.

The bill is filed to recover a sum of money of Robinson's estate ; and the debts being numerous, and the assets probably insufficient to satisfy the whole, the right of priority becomes a material object among the creditors.

The particular demand upon which this question is certified, is that of one Smith, who was joint endorser with Robinson, on a bill of exchange drawn by one Roots, and returned under protest. The bill, of course, must have been drawn payable to Robinson and Smith, and being taken up by them, and the latter having paid more than a moiety in satisfaction of the debt, his administrator now claims of the estate of Robinson the amount by which Smith's payments exceeded the moiety.

There is no question on his right to come in for that sum as a simple contract creditor ; but he claims precedence, and the rank of a judgment creditor, under a particular provision of the laws of Virginia in force at Robinson's death, and under an equitable principle, according to which, he who pays a debt of a superior dignity is suffered to rank in the application of assets according to the dignity of the debt satisfied; or, in other words, is substituted for the creditor who held the prior debt.

The terms of the Virginia act are these, " All bills of exchange which are, or shall be protested, shall, after the death of the drawer or endorser thereof, be accounted of equal dignity with a judgment ; and the executors or administrators of every such drawer or endorser, shall suffer judgment to pass against them for all debts due upon protested bills of exchange before any bond, bill, or other debt, of equal or inferior dignity, under the penalty of being obliged to pay the same out of their own proper goods."

The priority, therefore, of the holder of the bill of exchange, as well against the estates of the endorsers, as the drawer, is unquestionable ; but, the other creditors insist, that as between the co-endorsers, the rights of Smith against the estate of Robinson, must be determined by the nature of the action to which he would have been put at law to recover back what he paid above his moiety, that is, assumpsit on simple contract. But both on principle and authority we are induced to think otherwise.

What have the creditors of Robinson to complain of? They are only referred back to the situation in which they were before they were relieved by the application of Smith's funds to the payment of the bill of exchange. If the bill of exchange still remained in the hands of the holder unsatisfied, his right to a priority from Robinson's estate as to the moiety of the bill, would be unquestionable, and if relieved from that state by the money of Smith, it is but right that Smith should have refunded to him that sum which they, without that payment, would certainly have been obliged to relinquish. This is in perfect analogy with that class of cases in which real assets have been decreed to make good to simple contract creditors sums that have been taken from personal assets, and applied to relieve the real estate, (8 *Vesey*, 382.) or to satisfy specialty creditors. (*Gibbs* v. *Onger*, 12 *Vesey*, 413.)

That a surety who discharges the debt of the principal, shall, in general, succeed to the rights of the creditor, as well direct as incidental, is strongly exemplified in those cases in which the surety is permitted to succeed to those rights, even against bail, who are themselves in many respects regarded as sureties. (2 *Vern.* 608. 11 *Vesey*, 22.) That such would be the effect of an actual assignment made by the creditor to the surety, or to some third person for his benefit, no one can doubt. But, in the cases last cited, we find the Court of equity lending its aid to compel the creditor to assign the cause of action, and thus to make an actual substitution of the sureties, so as to perfect their claim at law. This fully affirms the right to succeed to the legal standing of their principal; and, after establishing that principle, it is going but one step farther, to consider that as done which the surety has a right to have done in his favour, and thus to sustain the substitution without an actual assignment. And, accordingly, we find the *dictum* expressed in *Robinson* v. *Wilson*, (2 *Madd. Rep.* 434.) in pretty general terms, " that a surety who pays off a specialty debt shall be considered as a creditor by specialty of his principal."

If the parties in this cause be considered as claiming under assignment from the holder of the bill, and each as as-

signee of the claim against his co-endorsee, according to the actual state of their respective interests, there can be no doubt of the priority here claimed. This subject has undergone a very serious examination in the Courts of the United States, and in cases in which, as in this, satisfaction had been made by the surety without taking an actual assignment of the debt.

The first in order of time was that of *Burrows & Brown* v. *M·Whann & Campbell, administrators of Carnes*, (*Desaussure's Rep.* 409.) This was a case exactly the parallel of the present in all its circumstances. The parties were co-securities to one Banks in a bond to Warrington, and had all contributed, but unequally, to the satisfaction of the judgment obtained against them jointly on the bond. They had taken no assignment of the judgment, and Brown and Burrows, who had paid most, prayed to be let in as judgment creditors of Carnes, their co-obligor, in right of the judgment obtained by the creditor, Warrington. There was, in this case, satisfaction also entered formally on the judgment, but as this was obtained by the management of Carnes's administrators, it was treated as a nullity, and the complainants had a priority decreed to them in right of the judgment against themselves, conjointly with Carnes, their co-obligor.

The next case was that of *Eppes et al., executors of Wayles*, v. *Randolph*, (3 *Call.* 125.) in which the surety to a bond, having paid it off, but having taken no assignment from the creditor, filed his bill to charge the real estate of the principal, upon the ground that he had succeeded to the rights of the creditor by the mere act of satisfying the bond. It was not questioned, that such would have been the effect of an assignment, nor that the aid of the Court would have been granted to compel the creditor to assign; but the claim to relief was insisted upon the ground, that without such assignment, the surety could only be considered in the rank of a simple contract creditor, and, as such, neither having a preference to other simple contract creditors, nor the rights of a creditor by specialty, to charge the assets descended.

This is precisely the defence set up in the present case; but in the case of *Wayles* v. *Randolph*, the Court decided that the surety succeeded to the rights of the creditor, and

1827.

Lidderdale
v.
Robinson.

decreed satisfaction accordingly out of the remaining assets, both real and personal; (p. 159.) modifying their decree, however, so as not to affect the executor with a devastavit for any payment made before the filing of the bill.

In the year 1802, the same point was decided in the Courts of Virginia, in the case of *Tinsley* v. *Anderson*, (3 *Call.* 329.) In this case, a creditor filed his bill to compel mortgagees and judgment creditors to subject the estate of one Anderson to a sale, that prior incumbrances might be cleared away, so as to let him in for satisfaction; and in applying the proceeds of the mortgaged property, the Court was called upon to decide this question in all its latitude. In delivering their decree, the language of the Court is, " that for all sums paid by sureties they ought to be placed in the situation of the creditors whose debts they have paid, or are bound to pay."

That this, then, is the settled law of the State in which this contract and this cause originated, cannot be doubted. But we feel no inclination to place our decision upon that restricted ground, since we are well satisfied with its correctness on a general principle, and on authorities of great respectability in other States.

We will, therefore, order it to be certified to the Circuit Court of Virginia District, that John Smith, executor of John Smith, deceased, is entitled to satisfaction from the assets of the estate of John Robinson, with the priority of a judgment creditor of the deceased.

Certificate accordingly.