### MURRAY *v.* CATLETT *et al.*

Where a mortgagor had sold his equity of redemption, and all right to the property subject to the mortgage, he need not be made a party to the bill of foreclosure.

A mortgage was given to secure notes signed by M. as principal and H. as security, and H. having paid the note last due, took an assignment of the mortgage: held, that the payment of the note by the surety did not discharge the mortgage lien, and that H. as such surety, was entitled to the benefit of that security, to reimburse him for the payment he had made.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. Proceedings commenced under

the Code, by H. Murray, to foreclose a mortgage against defendants. The mortgage was executed by Malcolm Murray to secure the payment of notes jointly and severally made by said M. and H. Murray; the latter having signed only as security. The amount last due was paid by Henry, who thereupon took an assignment of the mortgage and note in consideration of the payment, and M. Murray conveyed his equity of redemption to defendants. Defendants demurred to the petition:

1. Because M. Murray and wife were not made parties.

2. Because the mortgage was given to secure the payment of joint and several notes, which had been paid.

The demurrer was sustained; and in this it is claimed that the court below erred.

1. Were M. Murray and wife necessary parties to the petition? It appearing that they had conveyed their equity of redemption in the property, and having sold subject to the mortgage, they had no interest in the event of the foreclosure proceedings; still, defendants could assume that upon general principles the mortgagor should be a party defendant. But this we think depends upon the fact of his being interested in the suit. If in fact, and upon the face of the proceedings, he has divested himself of all interest in the property mortgaged, there can be no necessity or propriety in making the mortgagor a party. As a general rule all persons having an interest in the property, so far as to be affected by a decree in relation to it, should be made parties. Story Eq. Pl., 176, 182. We cannot consider our statute as innovating upon this general principle. True, it provides that suit may be commenced against mortgagor, &c., but this can only be applicable to cases where the mortgagor has some rights or equities in the premises. Rev. Stat., 442.

It has been repeatedly decided that a mortgagor need not be made a party to a bill of foreclosure where he had conveyed his equity of redemption. 1 Green, N. J., ch.,

R. 104, 405 ; 5 Conn., 531 ; 8 Black., 165 ; 20 Ohio, 474 ; 13 Ill., 501 ; 1 Powell, on Mort., 405, *a*, note 2. It follows therefore, in this case, that it was not necessary to make M. Murray a party defendant.

2. The second objection to the petition is that it claims the foreclosure of a mortgage executed to secure the payment of joint and several notes made by M. Murray and the petitioner, and which appear to have been paid.

To remove this objection, the petition states that complainant signed the notes as security for M. Murray ; that as such security he paid off a balance of four or five hundred dollars on the last note, and thereupon took an assignment of the note and mortgage. But it is assumed that the payment of the note by the surety, discharged the lien of the mortgage. This by no means follows. The surety had as good a right as any third party to purchase and take an assignment of the mortgage, and to hold the land subject to full satisfaction of the incumbrance. That the payment of the note by the surety did not discharge the mortgage lien is shown by many authorities. 2 Brock., 160, 167 ; 12 Wheat., 594 ; 2 Rand., 514, 530 ; 1 McCord, 107, 117 ; 1 Hill, 344, 351 ; 1 Edward, 164 ; 1 Barr., 517 ; 17 Conn., 583 ; 1 Ala., 23 ; 11 Ohio, 444 ; 8 Mo., 169 ; 4 John., ch. 123.

In cases like this, courts of equity have gone to a liberal extent in support of the rights and claims of sureties against their pincipals, in all cases where additional pledges have been given for the debt. If the surety pays the indebtedness, it is reasonable that he should have the full benefit of all the additional securities. This principle is fully recognized in 1 Story's Eq., 322, 477. An example given by Judge Story is appropriate to the case at bar. " If at the time when the bond (or note) of the principal and surety is given, a mortgage also is made by the principal to the creditor, as an additional security for the debt, then, if the surety pays the debt, he will be entitled to

have an assignment of that mortgage, and to stand in the place of the mortgagee."

So in England, in a case like the present, where there are collateral securities, the security becomes subrogated to the place of the creditor, and he may enforce payment from those collaterals. *Copies* v. *Middleton*, 1 T. R., 229.

As a protection to sureties, the doctrine is now well settled, that although the security or lien may be extinguished at law, yet, for the benefit of the surety, it continues equitably in force when he has paid the demand of the creditor.

We are, therefore, clear in the opinion, that as Murray signed the notes as surety, and paid off the note last due, and took an assignment of the mortgage, which was given as a collateral security for the payment of the notes; that the payment of the note by him did not discharge the mortgage; that the lien on the property is in full force; that the mortgage may be foreclosed by H. Murray as assignee, and that therefore the court below erred in sustaining the demurrer.

Decree reversed.

*Wm. Penn Clark*, for appellant.

*S. Whicher* and *L. B. Patterson*, for appellee.