# Wright *versus* Grover & Baker S. M. Co., to use of Smith.

A co-surety, in a joint and several obligation, in which there was a warrant to confess judgment, having paid off the whole, may cause judgment to be entered upon the obligation in the name of the legal plaintiff to his use, and have execution thereon against his co-surety for his proportion.

May 9th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Perry county :* Of May Term 1876, No. 56.

R. H. Wright as principal, and Samuel Smith and Charles Wright as sureties, executed three notes in the following form:—

" $275.00. .                     New Bloomfield, February 27th 1873.

Six months after date, for value received, we or either of us promise to pay to Grover & Baker S. M. Co., two hundred and seventy-five dollars, with interest and without defalcation or stay of execution. And we do hereby confess judgment for the above sum with interest and costs of suit, a release of all errors, and waiver of all rights to inquisition and appeal, and to the benefit of all laws exempting real or personal property from levy and sale.

|                              | R. H. WRIGHT,   | [SEAL.] |
| ---------------------------- | --------------- | ------- |
| Witness, H. W. TECKMEYER.    | SAMUEL SMITH,   | [SEAL.] |
|                              | CHARLES WRIGHT, | [SEAL.] |

The other two notes were similar, except that the one given had written across its face twice " paid," and the third one was for the sum of $277.95.

[Wright *v.* Grover & Baker S. M. Co., to use of Smith.]

On the first note Smith claimed $137.50 as due from Wright as co-surety ; on the second $54; and on the third $12.37, respectively. Smith had paid the balances left due, and unpaid by the principal, R. H. Wright, had lifted the notes, and himself caused judgments to be entered in the Court of Common Pleas of Perry county, to Nos. 219, 220 and 221, October Term 1874, using the name of the payee as the legal plaintiff for the use of him, the said Samuel Smith, and against R. H. Wright, Samuel Smith and Charles Wright, as defendants, and directed executions to be issued thereon, upon which levy was made upon the goods of Charles Wright.

Charles Wright presented his petition, upon which a rule was granted on Smith to show cause why the judgments should not be stricken from the record, and the executions were stayed.

The court below, Junkin, P. J., afterwards dissolved the injunctions staying the executions, refused to strike off the judgments and discharged the rules.

The court below held, that a co-surety, before judgment was entered, could pay off the whole, and then use the obligation in the same manner, and just as the obligee could have done before the payments.

It was assigned for error, that the court dissolved the injunctions staying the executions, refusing to strike of the judgments and discharging the rules.

*Charles A. Barnett,* for plaintiff in error, argued that the *place* and *rights* to which substitution would be made are only such as have been *previously* occupied within the jurisdiction invoked; that by if the court gives the *place on its records* of the legal plaintiff, and the legal plaintiff, having never entered the judgments, the co-surety could not do so, but was remitted to his action against his co-surety.

*W. A. Sponsler,* for defendant in error.—The surety stands in the place of the creditor, as completely as if the instrument had been transferred, and was invested with all the obligee's powers to proceed against every person bound.

Mr. Justice MERCUR delivered the opinion of the court, May 29th 1876.

This case involves a consideration of two questions. One, the rights of a surety, who has paid the debt, against his co-surety ; the other, the manner in which he may enforce them.

1. The general rule is well settled that if a surety has paid a debt, he is entitled to all the securities the creditor had against the principal debtor. If the claim be in judgment, he is entitled to be subrogated of record. Even if the judgment has been marked satisfied on the record, the surety paying is entitled to be subrogated

as against all but intervening creditors. He is not only entitled to the creditor's judgment against the principal, but also to his claim against a subsequent surety who has become bail for the principal, for a stay of execution on the judgment : Burns *v.* The Huntingdon Bank, 1 Penna. R. 395; Greiner's Appeal, 2 Watts 414 ; Kelchner *v.* Forney, 5 Casey 47 ; Pott *v.* Nathans, 1 W. & S. 155. Although actual payment discharges a bond, judgment or other encumbrance at law, it does not in equity, when justice requires that it be kept afoot for the safety of the paying surety : Kuhn *v.* North, 10 S. & R. 399; Fleming *v.* Beaver, 2 Rawle 128; Mehaffy *v.* Share, 2 Penna. R. 378; Morris *v.* Oakford, 9 Barr 500. It is true, a payment by a surety with intent to discharge the security, extinguishes it in equity as well as at law : Kuhn *v.* North, *supra.* But when the amount of the debt is advanced to procure control of it, equity keeps it afoot to answer the intent of the advancement : Id.

2. If a paying surety is entitled to all the securities of the creditor, it would reasonably follow that he should also have all the remedies. Hence, it was held, in Himes *v.* Keller, 3 W. & S. 404, that he is entitled to a cession of the debt, and substitution or subrogation to all the rights and actions of the creditor against the debtor ; and the security is treated as between the surety and debtor, as still subsisting and unextinguished. This principle is recognised in numerous cases, among which may be cited Rittenhouse *v.* Levering, 6 W. & S. 190; Cottrell's Appeal, 11 Harris 294 ; Springer's Adm'r *v.* Springer, 7 Wright 518. An intent to prevent the extinguishment of the debt will be presumed whenever it is the interest of the paying surety that it be kept alive : Richards *v.* Ayres, 1 W. & S. 485; Duncan *v.* Drury, 9 Barr 332; Morris *v.* Oakford, Id. 498 ; Gossin *v.* Brown, 1 Jones 527.

It is contended, however, that the rule of subrogation or contribution applies, as between surety and principal debtor only, and not as between co-sureties. Lidderdale's Ex'rs *v.* Robinson's Adm'r, 2 Brockenbrough U. S. C. C. R. 160, arose under a Virginia statute, which declared "all bills of exchange which are or shall be protested, shall, after the death of the drawer or endorsers thereof, be accounted of equal dignity with a judgment." The claim was upon four protested bills of exchange, on which there were two joint sureties. They were both dead. One of them had paid more than his proportion of the bill, and his administrator claimed a priority over other creditors, as well against the estate of the co-endorser as against the drawer. He claimed as a judgment creditor against his co-surety, by virtue of the legal character given to the bill. The other creditors contended that between co-endorsers, one paying an excess over the other must resort to his action at law to recover it, and this defeated his pre-

[Wright *v.* Grover & Baker S. M. Co., to use of Smith.]

ference; but it was held by Chief Justice Marshall, that the representatives of the surety who had overpaid, were entitled to rank according to the dignity of the claims on which such excess was paid; that the principle of substitution applied equally to cases arising between co-sureties, as to those between a surety and his principal. On a division of opinion the case was certified to the Supreme Court of the United States, and this view was affirmed in 12 Wheaton 594. The application of this rule as between co-sureties has been frequently recognised in this state: Fleming *v.* Beaver, *supra;* Croft *v.* Moore, 9 Watts 451; Lathrop and Dale's Appeal, 1 Barr 512; Gossin *v.* Brown, *supra;* Springer's Adm'r *v.* Springer *et al., supra;* Mosier's Appeal, 6 P. F. Smith 76. In Hess's Estate, 19 P. F. Smith 272, it is expressly held that a surety who pays his principal's debt, is entitled to be subrogated to all the rights and remedies of the creditor, against his co-surety, in the same manner as against the principal.

An actual assignment is unnecessary. The right of substitution is the substantial thing; the actual substitution is unimportant. The right of substitution being shown and the surety having paid the debt, he succeeds by operation of law to the rights of the creditor: Fleming *v.* Beaver, *supra.* It is contended that the original obligation is extinguished, inasmuch as the word "paid" was written on its face. We answer, it had to be paid to the original creditor before the right of substitution could arise. We have shown that the satisfaction on the record of a judgment paid by a surety does not extinguish it as to the paying surety. The same reason applies to the note in this case, and prevents its extinguishment to the prejudice of the surety. Hence, we see no error in the learned judge holding that judgment might be entered on the note in the names of the original obligees for the use of the surety who had paid it. The amount to be collected of the co-surety is subject to the equitable power of the court; that power was properly exercised in this case.　　　　Judgment affirmed.