## Brown & Sons, to use, *versus* Black et al.

1. A. and B., who were partners, entered into an agreement in writing to settle their partnership affairs. Two judgment notes had been signed by the firm and delivered to C. & Co. The agreement stipulated that B. should pay one of said judgments, or procure a release therefor, and it was further agreed that said " A. shall have the right to pay or cause to be paid, in the event of said B. failing to do so, as herein provided, both of C. & Co.'s judgments; and in that event said A. shall have the right * * * to collect from said B. the amount of the debt, interest and costs of one of said judgments." B. failed to pay either of said judgments and A. was compelled to pay both of them. He then issued an attachment execution upon one of the judgments, in the name of the legal plaintiff, to his own use, for the purpose of collecting the amount thereof from B. The court set aside the attachment on the ground that the payment of the judgment by A. was a satisfaction of the debt, and that he had no power to keep the judgment on foot and issue an execution against his partner and co-defendant: *Held*, that this was error.

2. Although originally partners, yet by the agreement A. became practically security for B. as to one of the judgments, and having paid the money had the right, not only by the terms of said agreement, but also by virtue of his relation as surety, to use the judgment to compel payment by B.

October 19th 1877. Before Agnew, C. J., Mercur, Gordon, Paxson, Woodward and Sterrett, JJ. Sharswood, J., absent.

Error to the Court of Common Pleas of *Erie county*: Of October and November Term 1877, No. 77.

[Brown *v.* Black.]

The facts of the case will be found stated in the opinion of this court, which opinion was delivered by PAXSON, J., sur rule to show cause why the order of November 22d 1879, affirming the judgment in the case of D. Brown & Sons, to the use of John Landsrath, against W. O. Black and John Landsrath, should not be rescinded and the court below reversed.

*Davenport & Griffith* and *Benson & Brainard*, for plaintiffs in error.

*Woodruff & Marshall*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, February 2d 1880.

This case was argued at the October Term 1877. We were asked to postpone its decision until the determination of Landsrath's Appeal in the equity case of Black *v.* Landsrath. The latter case was heard and decided at the last term in the Western District. The decree did not touch the case in hand, but in terms left it undisturbed. After that decision was rendered, we affirmed the judgment in the present case by agreement of counsel. It now appears that this order was made under a misapprehension on the part of the plaintiff's counsel, it having been intended to reverse the judgment. This rule was taken to set aside the judgment so entered by mistake. Under all the circumstances, we think it our duty to relieve the counsel from the consequences of such an error. We will therefore treat the case as if no such order had been made, and proceed to dispose of it upon its merits.

There having been no opinion filed by the court below, we are not furnished with the reasons which induced the learned judge to dissolve and set aside the attachment. Looking at the reasons assigned upon the motion to dissolve, we are led to the conclusion that the action of the court was based mainly upon two grounds : 1. "That no order of subrogation had been made ;" and 2. That "the payment of the judgment of D. Brown & Sons against Landsrath & Black by Landsrath, one of the joint defendants, was in law a satisfaction of the debt, and Landsrath has no power to keep the judgment on foot and issue an execution on it against his partner and co-defendant."

The principle above stated is correct enough as an abstract proposition, but is not applicable to the facts of this case. The said W. O. Black and John Landsrath had been engaged in business as partners. In the month of January 1863, they closed their business and the firm was dissolved. At that time they were indebted to J. G. Brown and H. W. Brown in the sum of $7000. Two judgment-notes of $3500 each were signed by Black and Landsrath and delivered to the Browns. On the 17th of March 1868,

[Brown *v.* Black.]

they (W. O. Black and John Landsrath) entered into an agreement in writing by which they undertook to settle and adjust their partnership affairs. Among other things stipulated for in said agreement was that Black should either pay one of the aforesaid judgments of $3500 in favor of Browns, or should procure a release therefrom in favor of Landsrath. It was further agreed that "said Landsrath shall have the right to pay or cause to be paid, in the event of said Black's failing to do so, as herein provided, both of D. Brown & Sons's judgments; and in that event said Landsrath shall have the right to require said Black to comply with the remaining stipulations on his part herein contained, and shall have the right to collect from said W. O. Black the amount of the debt, interest and costs of one of said judgments." Black failed to pay either of said judgments; Landsrath was compelled to pay both of them. Thereupon he issued an attachment in execution upon one of the judgments, in the name of the legal plaintiff, to his use, for the purpose of collecting the amount thereof from Black. It was this attachment the court below set aside.

We are of opinion that Landsrath had a clear right to use the judgment for such purpose. Such right was expressly given by the agreement referred to. That there was no formal subrogation is not material. It is the right to subrogation that is essential; the actual subrogation is a mere form, or, as was tersely said by Chief Justice GIBSON in Fleming *v.* Beaver, 2 Rawle, at page 132 : "The right of substitution is everything, and actual substitution nothing." And see Wright *v.* Grover, 1 Norris 81, which is directly in point. Although originally partners, yet by the agreement between them, Landsrath became practically security for Black as to one of the judgments, and having paid the money, had the right, not only by the terms of said agreement, but also by virtue of his relation as surety, to use the judgment to compel payment by Black. It was error in the court below to set aside the attachment.

It will thus be seen that the judgment of affirmance was not only an error on the part of counsel, but was not justified upon the merits. The case having been fully argued, we can correct the error upon this rule.

> The rule granted November 29th 1879 to show cause why the judgment entered in this case should not be rescinded, is made absolute ; the judgment of the court below is reversed ; the attachment is ordered to be reinstated, and a *procedendo* awarded.