BICKEL *v.* JUDAH.

[Kentucky Law Reporter, Vol. 3—728.]

**Judicial Sale of Real Estate.**

The debtor may pay off his debt to his creditor, and notwithstanding this fact a stranger who buys the real estate of the debtor

at judicial sale (which is confirmed) to satisfy the creditor's judgment, holds the property, and the fact of payment of the judgment by the debtor after sale will not affect the purchaser's title; but when the creditor, who is the plaintiff and the purchaser, accepts from the debtor payment in full of his debt, interest and costs, he thereby elects to restore to his debtor what he has purchased at the sale.

### Subrogation of Surety.

A surety who has paid his principal's debt is entitled to be substituted to all the rights of the creditor, but a surety has, no cause of action until he has paid the debt; but when he has done this he has the equitable right to avail himself of any security in the hands of the creditor to indemnify himself against loss.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### April 21, 1882.

OPINION BY JUDGE PRYOR:

This case has been heretofore fully considered, but the zeal and learning manifested by counsel for the appellee in his petition for a rehearing necessitates further investigation. As counsel seems to labor under the impression that the court has inadvertently fallen into some material errors of fact in the examination of this record, it may be proper to present the facts upon which, or the substance upon which, the opinion already delivered was based.

The appellee, Judah, held a claim against Reamer, evidenced by note and mortgage. The property mortgaged was sold at the instance of the appellee, Judah, for the payment of his debt, and it was several times purchased by either Reamer or his friends, and by reason of their failure to execute bonds, or for other causes, they failed to comply with the terms of sale, and finally the mortgaged property was again sold, and Judah, the appellee, became the purchaser at the price of $600. The report of sale was properly made, laid over for exception, and none being filed, was confirmed on the 12th of July, 1878, and by this order of confirmation leave was given the plaintiff, Judah, "to pay the state and city taxes due on said property, and to have credit on his purchase bonds therefor." No objection or exception was made or taken to this order. In the original action of Judah v. Reamer there was a personal judgment against Reamer, and a

foreclosure of the mortgage, and Reamer, having purchased the property and failing to give bond, was proceeded against for contempt, and thereupon superseded the judgment and brought the case to this court, the appellant, Bickel, becoming his surety on the supersedeas bond. The action or judgment of the court below was affirmed by this court, and on filing the mandate the property was again sold (Reamer failing to comply with his purchase), and the appellant became the purchaser at the price of six hundred dollars, which sale was confirmed and all the proceedings under it as already stated.

Judah finding, as he alleges, and the fact is doubtless true, that the taxes due and constituting a lien on the property purchased amounted to more than his bid of six hundred dollars, instituted his action against Reamer and Bickel, his surety on the supersedeas bond, alleging in express terms that the taxes exceeded the amount of his bid, that his debt was unpaid, and asked judgment against Bickel for the amount of the debt, including interest, damages and costs incurred in this court as well as the court below. In that petition was alleged the fact of Judah's purchase, the confirmation of the sale, and that the taxes due on the property, city and state, were $633, which, if credited on the bond of plaintiff, Judah, would leave the entire amount of his debt, interest and cost, unpaid. To this petition the appellant, Bickel, made no denial, and could not have well controverted the statements, as they are each and all verified by the record. Judgment was obtained against Bickel, the surety, for the entire debt, interest and costs, etc., and was paid by him in August, 1879. After this was done the appellant, Bickel, filed an amended pleading setting up the fact that he had paid the debt, and asking to foreclose his mortgage for his own benefit, alleging that the plaintiff, Judah, claims some interest in the property. Judah replied to this, setting up his title in the manner recited, and that reply has not been controverted.

Reamer and wife, in March, 1880, instituted the present action, the object of which was to attack the deed made by the commissioner to Judah on the confirmation of the report of sale in the original proceeding. A demurrer was interposed to this petition and sustained, and the petition dismissed, and that judgment was affirmed by this court. Reamer and wife had

made Bickel a defendant to the last suit, and Bickel, appearing in court, filed his answer and cross-petition against Judah, in which he insists that he is entitled to all the benefits arising from the mortgage to Judah, and by leave of court amended his cross-petition, alleging that "the purchase-price, bid by defendant, Judah, for the undivided one-third of the property, was $600. But there are taxes claimed as due, which Judah contends he has a right to pay off, but he has paid no taxes whatever, but has leave of court to pay the same," etc. A demurrer was sustained to the cross-petition of Bickel, he having made all the previous proceedings in the case part of that pleading, and failing to plead further his action was dismissed, and of that judgment he complains.

We are met with several objections urged by way of interrogatory to the reason given for the reversal in this case. We are asked to suppose a stranger to the action had purchased the property for $600. Would the payment by Bickel of the debt to Judah have authorized the latter to be substituted to the rights of the purchaser? The response to the inquiry must be in the negative. The sale and confirmation would vest in such a purchaser an absolute title. If Reamer and wife can not maintain the action to attack this final judgment resulting in the sale to Judah, where are the facts in this record authorizing Bickel to maintain such an action? It is clear that Reamer and wife could not maintain the action, because they have not paid one cent of the judgment against them, and the surety, Bickel, was in court asking to be substituted to the rights of Judah. Suppose, however, after this sale and its confirmation, Judah had demanded of Reamer and wife the payment in full of this debt, interest and costs, and payment had been made, and then Reamer and wife had said to Judah, "We will pay the taxes on the property sold, that you were, by the order of confirmation, allowed to pay, or if you have already paid them, we tender you the money and ask a reconveyance;" would a court of equity, upon the refusal of Judah, have hesitated for a moment to compel a restoration of the property? There is a manifest difference between a stranger making the purchase and the plaintiff in the action, who is the creditor in a case like this. The debtor may pay off the debt in full to the creditor, and still the stranger who

buys holds the property, and his title is in no manner affected; but when the creditor, who is the plaintiff and purchaser also, after his purchase and confirmation, accepts from the debtor payment in full of his debt, interest and costs, it is an election on his part to restore what he has purchased. It would be a singular rule of equity that would sanction such a proceeding, and the conscience of the chancellor would trouble him in the effort even to consider favorably such a proposition.

The chancellor is only asked in this case by the surety to compel the' creditor, who has been fully paid, to restore that which has been obtained by the latter under a judgment that this surety has been compelled to pay at the instance of the creditor. If paid by the debtor the right to restoration will apply, whether the property sold was subject to redemption or not. The rights of a plaintiff who purchases are as sacred as those of a stranger; but he may elect to take the money for which the judgment was rendered and under which the purchase was made, and when this is done a court of equity will divest him of the title. In this case he was allowed to remove the lien on the property for the taxes due when he obtained his whole debt from the surety, or if paid by the debtor, the lien for taxes only exists upon it in favor of the state and city, and if paid by the appellee, the purchaser, he has the same liens the city and state had, nothing more.

In this case, however, the surety who paid the debt is entitled to be substituted to all the rights of the creditor. He is not asking to modify or vacate the judgment, but is in fact asking that the judgment be maintained to enable him to obtain the benefits resulting from it. But it is argued that the surety was sued by Judah, and in that action the latter set forth the order of confirmation, allowing him to pay the taxes, that they amounted to a larger sum than his bid for the property, and further, that the sale was not only confirmed, but a deed made, and therefore the surety is estopped from setting up any claim by way of substitution or otherwise; that Bickel admitted everything alleged in Judah's petition is conceded, and that upon his admission or failure to deny a judgment was rendered against him for $2,500, the full amount of the debt, interest and costs, which he has since paid.

This he was compelled to do, because the facts alleged by Judah were true, and the latter, although the purchaser of the property, had not received one dollar of his debt. Bickel, the surety, had no cause of action, either against Reamer or Judah, until he paid this debt, unless against his principal for indemnity. When the surety has paid the debt in full, and as Judah, in his action against him, alleged that he was permitted to pay the taxes without even an allegation that he had paid them, why should not the surety be allowed to pay the taxes and take the property, or if Judah has paid them, why should he not be allowed to refund the taxes with the interest and take the property, or subject it to the payment of his debt? It is true in the action on the supersedeas bond that the appellant might have tendered the money and demanded the right of subrogation, but this he was not compelled to do; and after satisfying the debt he had the equitable right to avail himself of any security in the hands of the creditor to indemnify himself against loss.

The appellee says that he received nothing; if not he can lose nothing. He has his debt, interest and costs, and what more is he entitled to receive, either in a court of law or equity? The creditor, who is the plaintiff in the action, and becomes the purchaser under his judgment of the land of his debtor, and who afterwards recovers the full amount of his debt, elects to restore what he has purchased to his debtor, and what in fact is in equity, by reason of the payment of the property of the debtor. Besides, in regard to sureties, it is a well settled rule that when "A surety who satisfies the debt for which he is liable, is entitled to have from the creditor whose debt he pays the securities which such creditor has obtained from the debtor; and if such securities are not voluntarily given up, it is the right of the surety to come to this court to have such security delivered up." *Goddard v. Whyte,* 2 Giff. 449; Brandt on Suretyship (1st Ed.), § 263. "As soon as the surety has paid the debt, an equity arises in his favor to have all the securities, original and collateral, which the creditor holds against the person or property of the principal debtor, transferred to himself, and to avail himself of them as fully as the creditor could have done; for the purpose of obtaining indemnity from the principal, he is considered as at once subrogated to all the rights, remedies and securities of the creditor;   *   *   *   and

entitled to enforce all his liens, priorities, and means of payment, as against the principal, and to have the benefit even of securities that were given without his knowledge." 1 White & Tudor Leading Cases in Eq. 136, notes to *Dering v. Earl of Winchelsea.* It is the right of the surety to stand in place of the creditor in all cases; this is the general rule. De Colyar on Guar. & Prin. and Sur. (Morgan's Ed.) 331, note.

"There are many cases in which a surety, paying a debt, will be entitled to stand in the place of the creditor, or to obtain the full benefit of all the proceedings of the creditor against the principal." 1 Story's Equity Jurisprudence 540. The surety in this case is not seeking to disturb the judgment, but to avail himself of all the rights the creditor has obtained under it by reason of his (the surety) having paid in full the debt due the creditor. We have seen that the debtor himself, upon paying the debt to his creditor, would have been entitled to a restoration of his land upon the payment of the taxes, either to the tax-gatherer or to the creditor if he has paid them, and if so it is plain the surety must have the relief sought. This relief is based not only on the principle of natural justice, but is that character of remedial justice the chancellor should delight in administering.

This judgment must be reversed and the cause remanded with directions to require the appellee, Judah, to surrender the property purchased, that it may be sold to satisfy the debt paid by this surety, first paying the taxes, if any, due on the property that may have been paid by Judah. The original opinion is to this extent modified, and the opinion now delivered substituted therefor. This mandate is based on the control record before us, the demurrer presenting the question arising upon the whole case.

If any fact has transpired outside of the record, showing that the surety has been indemnified or not entitled to the relief, then the overruling of the demurrer should not preclude such defense. The reason that the facts of the record are determined is that the case has been fully argued on both sides, and the entire question presented by the demurrer, and assuming the facts as they now appear and are stated by the appellee, the appellant is entitled to recover.

*Barrett & Brown,* for appellant.

*Russell & Helm,* for appellee.

[Cited, *Ryan v. Logan County Bank,* 132 Ky. 625, 116 S. W. 1179, 119 S. W. 768.]