## J. W. Wetmore, Appellant, *v.* Nora C. Dobbins, Mary E. McCullough, Mattie C. Norton and Henry C. Curtis.

*Actions—Decedent's estates—Action against heirs for decedent's debts.*

Suit cannot be brought directly against the heirs of a decedent for recovery of a debt due by decedent; it must be brought against the executors and judgment be obtained by scire facias against the heirs. In the absence of an executor, etc., an administrator d. b. n. on the decedent's estate can be raised.

Argued May 20, 1896.    Appeal, No. 29, April T., 1896, by plaintiff, from judgment of C. P. Erie Co., Nov. T., 1894, No. 158, upon demurrer.    Before Rice, P. J., Willard, Beaver, Reeder, Orlady and Smith, JJ.    Affirmed.

Foreign attachment in assumpsit against heirs of C. B. Curtis to recover the amount of $432.

Judgment for defendants on demurrer.

On February 1, 1882, the appellant and C. B. Curtis became joint and several sureties on the bond of Addison R. Titus, administrator of estate of Virginia W. Titus, deceased, in the sum of $800, conditioned, etc.    The administrator filed an inventory showing $400 assets.    He filed no account, and after every effort could not be attached and compelled to.

The heirs of Virginia W. Titus brought suit against appellant on the bond on the 19th of January, 1894, C. B. Curtis having died March 17, 1883.

On February 28, 1894, judgment was obtained against appellant for $647.40.    On the 7th of May, 1894, this was opened and on a reduction of the amount to $432, interest and costs, $11.40, appellant paid this sum in full satisfaction of the claim.

The plaintiff instituted proceedings by foreign attachment directly against the heirs of Curtis.    To the statement filed disclosing above cause of action defendants demurred and the court below sustained the demurrer.

*Error assigned* was sustaining the demurrer and rendering judgment for defendants thereon.

*J. P. Vincent*, with him *J. W. Wetmore*, for appellant.—There can be no question of the right of a surety, who has paid such

joint liability, to contribution from his cosurety: Bailey's Est., Jackson's Appeal, 156 Pa. 634; Agnew. v. Bell, 4 Watts, 31.

The death of one of the sureties on a joint obligation does not release the right of a surety to recover a contribution from the estate of the deceased surety: 24 Am. & Eng. Ency. of Law, page 817; Bradley v. Bunell, 3 Denio, 61; Johnson v. Harvey, 84 N. Y. 363; Brandt on Sureties, 333; 1 Parsons on Contracts, 36; Shackamaxon Bank v. Yard, 150 Pa. 351.

*L. Rosenzweig*, with him *Geo. A. Allen*, for appellee.

OPINION BY BEAVER, J., July 16, 1896:

The question raised by the record in this case is not one of legal liability but rather one as to the remedy through which such a liability is to be enforced. It is not a question of the liability of one cosurety to another who has discharged the obligation which rests upon both. This is conceded and is recognized in many adjudicated cases: Wright v. Smith, use of, 82 Pa. 80; Bailey's Est., 156 Pa. 634. Neither is it a question of the ultimate liability of the heirs of the decedent to respond to the extent of the assets of the decedent's estate in their hands to a demand of a cosurety of the ancestor who has paid the debt which rested equally upon both sureties. The only question for us to consider and determine is whether the form of action chosen in this case can be used for the purpose of enforcing such a liability, if it exists.

The action is a foreign attachment in assumpsit brought directly against the heirs of a decedent to enforce payment of or contribution for the one half of the amount of a judgment and costs which had been recovered against the plaintiff in an action upon an administrator's bond upon which the said plaintiff and the father of the defendants were cosureties. A statement setting forth the facts was filed, to which the defendant demurred, and upon said demurrer the court below entered judgment for defendant.

The 28th section of the act of the 24th of February 1834, (P. L. 78), provides that "Executors or administrators shall have power to commence and prosecute all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander, for libel and

for wrongs done to the person, and they shall be liable to be sued in any action, except as aforesaid, which might have been maintained against such decedent, if he had lived."

The provisions of this act of assembly have been uniformly construed in practice to limit the right of instituting suits which might have been brought for the enforcement of a contract against a decedent in his lifetime to his executors and administrators. It is true that the heirs of a decedent may be charged with liability for the debts of a decedent but this can be done only by scire facias or notice after judgment has been obtained or suit brought against the executors or administrators in the manner provided in the statutes relating thereto. The appellant, who was the plaintiff below, has shown no statutory authority and no judicial recognition of power outside a statute to bring suit directly against the heirs of a decedent for the recovery of a debt due from said decedent. We know of no such authority. If for any reason it was impossible to pursue the legal representative of the decedent, an administrator d. b. n. c. t. a. could have been raised and the liability of the decedent's estate determined in an action against such administrator.

We are not called upon to determine how a judgment rendered against the administrator in such case could be enforced nor how the assets of the decedent's estate in the hands of the heirs could be reached. It is enough for our present purpose to determine that the decree of the court below in entering judgment upon the demurrer was correct. This we are compelled to do and the judgment is, therefore, affirmed.