## Davis et ux. v. Kinnard.

(Decided Nov. 23, 1937.)

E. SELBY WIGGINS for appellants.

E. C. McDOUGLE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On October 6, 1925, S. F. Davis and Hallie E. Davis executed and delivered to A. W. Burnell a mortgage on a house and lot near Berea, Ky., and their two-thirds undivided interest in 27 acres of land located in Madison county, to secure the payment of a note for $1,000 due 6 months after date. After the mortgage was executed, Hallie E. Davis married Marshall Johnson, and S. F. Davis married the appellant Mollie Davis. The note was not paid, and on October 2, 1933, Burnell brought an action to recover the sum of $1,000, with interest thereon from April 6, 1929, and he asked that he be adjudged a lien on the mortgaged property and that same be sold, or a sufficient amount thereof, to pay his debt, interest, and costs. J. M. Kinnard had a second mortgage on the property, and he was made a defendant. A default judgment was entered, and the master commissioner was directed to sell so much of the property as might be necessary to satisfy the debt, interest, and costs. The property was sold by the master commissioner on April 2, 1934, after he had advertised it as directed by the order of sale, and S. F. Davis became the purchaser at the price of $1,450. He executed a bond for that amount to the master commissioner, due 6 months after date, and J. M. Kinnard signed the bond as surety. Davis failed to pay the bond when it was due. J. M. Kinnard, the surety, was out of the state at that time, and upon his return in January, 1935, he paid to the master commissioner the sum of $1,483, the amount of the bond, with interest thereon. An order was then entered directing the master commissioner to pay to the plaintiff, A. W. Burnell, his debt, interest, and costs, and to return the balance, if any, to J. M. Kinnard, surety on the bond. On January 24, 1935, J. M. Kinnard had a notice served on S. F. Davis that he would, on February 5, 1935, make a motion before the judge of the Madison circuit court to direct the master commissioner to execute to him a deed to the property that had been sold. On February 5, 1935, such a motion was filed in the Madison circuit court, but it does not appear that the court ruled on it. On March 5, 1935, Kinnard had a notice served on Davis that on March 18, 1935, he would make a motion before the judge of the Madison circuit court for an order of resale of the property in order that he might be reim-

bursed for the money paid by him as surety. The motion was filed on the day fixed in the notice, and the following order was entered:

"It appearing to the Court that the sale bonds executed by S. F. Davis as principal and J. M. Kinnard, as surety, on April 2, 1934, upon the failure and refusal of S. F. Davis to pay same have been fully paid by the surety, J. M. Kinnard, together with costs of this action.

"It is hereby ordered that the Master Commissioner be and he is hereby directed to resell said house and lot and other lands sold under order of this Court on April 2, 1934, and upon the same terms as same was heretofore sold; and he shall duly advertise same as required by law and sell upon a date to be selected by him as early as possible.

"This sale is made for the purpose of reimbursing J. M. Kinnard for the amount of money he paid on sale bonds, interest and costs, and for interest on all his outlay from the date thereof until he is reimbursed, and for all costs herein expended."

The sale was held at 10 o'clock a. m. May 6, 1935, and J. M. Kinnard became the purchaser, his bid of $1,000 being the highest bid received. He executed a bond to the master commissioner, due 6 months after date, with J. W. Johnson as surety. On the same day the master commissioner filed his report of sale. No exceptions to the report of sale were filed, but on May 7, 1935, S. F. Davis filed a motion to stay all proceedings during the pendency of his petition in bankruptcy in the United States District Court. In the motion he stated that he had filed a petition in the United States District Court for the Eastern District of Kentucky at Richmond, Ky., under section 75 of the Bankruptcy Act, asking for a composition with his creditors or an extension of time to pay his debts, and that the petition was filed May 6, 1935, at 4 p. m. He also filed a motion to set aside the judgment and order of sale entered March 18, 1935, on the ground that it was void. On October 9, 1935, copies of certain orders in the bankruptcy proceeding pending in the United States District Court were filed in the Madison circuit court, and Davis again moved that all proceedings in that court be stayed. On

February 8, 1936, an order was entered confirming the master commissioner's report of sale filed May 6, 1935, and directing the commissioner to execute a deed to J. M. Kinnard, conveying to him the house and lot sold May 6, 1935. Kinnard was also given a judgment against Davis for $483, the balance due and his costs. S. F. Davis and Mollie Davis, his wife, have appealed.

Appellants contend that the judgment is void because there was no assignment of the debt and mortgage by A. W. Burnell to J. M. Kinnard, the surety on the sale bond, and also because the Madison circuit court was without jurisdiction of the subject matter during the pendency of the bankruptcy proceeding. By section 1012, Kentucky Statutes, a sale bond has the force of a judgment, and its performance may be summarily enforced by orders of the court. Section 4665 of the Kentucky Statutes reads in part:

> "If a surety pays the whole or any part of a debt or liability for which he is bound as such, he may recover the amount, with interest from time of payment, from the principal by action at law, or by motion after ten days' notice in writing."

Section 4666 provides that the surety who pays the whole or part of a judgment shall have the right to an assignment thereof from the plaintiff or the plaintiff's attorney in whole or in part.

It is appellants' contention that these sections of the statute preclude a surety from proceeding against the principal by motion until he has obtained an assignment of the judgment. These statutes have been construed contrary to appellants' contention in Kellar v. Williams, 10 Bush 216; Sanders & Walker v. Herndon, 122 Ky. 760, 93 S. W. 14, 15, 29 Ky. Law Rep. 322, 5 L. R. A. (N. S.) 1072, 121 Am. St. Rep. 493; Vansant's Ex'x v. Gardner's Ex'x, 240 Ky. 318, 42 S. W. (2d), 300. Independent of statutory regulations, although there is some authority to the contrary, a surety who pays a judgment against his principal is substituted to the rights of the creditor by operation of law, and an actual assignment of the debt is unnecessary. Lidderdale's Ex'rs v. Robinson, 12 Wheat. 594, 6 L. Ed. 740; Fleming v. Beaver, 2 Rawle (Pa.) 128, 19 Am. Dec. 629; Townsend v. Whitney, 75 N. Y. 425; Brown v. Black, 96 Pa. 482; Pomeroy's Equity Jurisprudence, (4th Ed.)

vol. 5, sec. 2343; 25 R. C. L. 1320. In Brandt's, The Law of Suretyship and Guaranty (3d Ed.) vol. 1, p. 611, the author says:

"In cases where the person paying the debt or performing the obligation of another stands in the relation of surety or guarantor to the person whose debt or obligation has been performed, equity substitutes him in the place of the creditor or obligee as a matter of course, without any special agreement to that effect and without requiring any further showing to be made of circumstances entitling him to subrogation."

In Stearns on Suretyship (2d Ed.) p. 442, it is said:

"The generally accepted view now is that where a judgment is paid by one who is collaterally liable as surety, whether the creditor has a joint judgment against the principal and surety, or separate judgment against them or a judgment against the principal only, the surety paying is subrogated to all the rights and liens of the creditor under the judgment with the same position of priority occupied by the creditor."

See, also, Ft. Jefferson Improvement Co. v. Dupoyster, 112 Ky. 792, 66 S. W. 1048, 24 Ky. Law Rep. 1199, 2 L. R. A. (N. S.) 263; Bickel v. Judah, 3 Ky. Law Rep. 728, 11 Ky. Op. 612; Highland v. Anderson's Adm'r, 17 S. W. 866, 13 Ky. Law Rep. 710.

Under sections 4665 and 4666 of the Kentucky Statutes, a surety who has paid the whole or a part of a judgment may proceed summarily by motion or by an action at law against the principal, but these Statutes do not restrict the equitable doctrine of substitution. In Sanders & Walker v. Herndon, supra, the court said:

"Section 4666 of Kentucky Statutes of 1903 applies to sureties who have paid a judgment rendered upon a debt to which they were parties. It allows such judgment to be assigned for the benefit of the surety or sureties so paying it, and it gives to them control of the judgment for their benefit against the other defendants, so far as to obtain satisfaction from the principal for the whole amount so paid by the sureties with interest, or from any co-surety his

proper part of such payment according to the principles stated in section 4665. These sections of the statute were not intended to restrict, but to enlarge, the equitable doctrine of substitution and the common-law doctrine of contribution.''

If the sale bond had not been paid, Burnell, the judgment creditor, could have had a readvertisement and resale of the property, and Kinnard, the surety, having paid the judgment, can invoke all the remedies open to the judgment creditor.

After the master commissioner had filed his report of sale, the appellants filed in the Madison circuit court a copy of an order of the United States District Court for the Eastern District of Kentucky in which A. M. Burnell, J. M. Kinnard, and R. B. Terrill, master commissioner of the Madison circuit court, were enjoined from proceeding further toward the sale of the property of S. F. Davis. It does not appear that a copy of this order was ever served on any of these parties. Counsel for appellee in his brief quotes a purported order of the federal court dismissing the petition of S. F. Davis on the ground that he had failed and refused to make his creditors a good-faith proposition for a composition or extension of his debts. A copy of such an order does not appear in the record in this case, but there is a copy of an order entered September 30, 1935, in the United States District Court for the Eastern District of Kentucky setting aside and holding for naught that part of the order of September 21, 1935, which referred the matter to the conciliation commissioner, acting also as a referee under the Bankruptcy Act as amended August 28, 1935. It appears that the proceedings were discontinued in so far as relief was sought under section 75 (s) of the Bankruptcy Act (as amended), and were continued under section 75 (b) of the act (as amended), 11 U. S. C. A. sec. 203 (s, b). This, in effect, set aside that part of the order of September 21, 1935, which granted the injunction. It follows that the Madison circuit court had jurisdiction to enter an order confirming the master commissioner's report of sale.

Appellants complain because the order of resale did not describe the property and did not set out the terms of sale. The order of resale referred to the order pursuant to which the first sale was held, and the master

commissioner was directed to sell the property therein described and upon the same terms, and to advertise same as required by law. The reference to the former order, which was a matter of record, sufficiently specified the terms.

The judgment is affirmed.