## GRUBBS v. SLATER.

Court of Appeals of Kentucky.

April 24, 1953.

Rehearing Denied March 26, 1954.

H. G. Jorris, Louisville, Donald R. Pierce, Louisville, for appellant.

Mapother & Morgan, Louisville, for appellee.

STEWART, Justice.

This appeal presents one question to be resolved, namely, the right of a surety who has been compelled by judgment to pay his principal's obligation to obtain a judgment in the same action against the principal by motion after due service of notice.

This litigation arose out of the following facts: On May 8, 1950, Leonard Slater signed as surety a note for $500, maturing 90 days after date, that Millard Dee Grubbs executed and delivered as principal to the Liberty National Bank and Trust Company of Louisville. On October 25, 1950, the bank sued both Grubbs and Slater and obtained a default judgment against Slater. The latter paid the judgment in full on February 21, 1951. On October 1, 1951, Slater served notice on Grubbs that he would on October 15th thereafter move the court for judgment against Grubbs for the amount he had been required to pay as Grubbs' surety. On the last mentioned date Grubbs by attorney was present in court when the motion was filed and made no response thereto but only objected to the filing of it. Judgment was rendered against Grubbs for Slater on his motion on October 26, 1951.

On this appeal, Grubbs assigns an almost innumerable list of errors which he insists the trial court committed. Many of these are variations on the same theme, and we shall consider only those contentions that we believe essential to a correct disposal of the case.

 Grubbs' primary argument for reversal is predicated upon the theory that the note upon which the bank brought suit in the original action became merged in the judgment rendered against Slater, so that this judgment is res judicata and had the effect of determining that Slater alone should pay the note and of therefore discharging Grubbs from any further liability on the debt. This line of reasoning is specious, because the right of a surety to reimbursement from his principal is universally recognized, and an action by a surety to recover money paid by him on a note is a suit for money had and received and not one upon the note. Nutall's Adm'r v. Brannin's Ex'rs, 5 Bush 11, 68 Ky. 11; Lansdale's Adm'rs v. Cox, 7 T. B. Monroe 401, 23 Ky. 401. See also Simpson on Suretyship, p. 225.

KRS 412.080 reads thus in part: "If a surety pays any part of a debt or liability for which he is bound as surety, he may re-

cover the amount, with interest from time of payment, from the principal by action at law or by motion, after ten days' notice in writing. * * *" See also Section 444 of the Civil Code of Practice.

 This statutory section was not intended to restrict but to enlarge the equitable doctrine of subrogation and the common-law rule of contribution. In Davis v. Kinnard, 271 Ky. 428, 112 S.W.2d 412, 414, we quoted with approval this general equitable principle appearing on page 611 in Volume 1 of Brandt's The Law of Suretyship and Guaranty, 3d Ed., which we think is in all respects applicable to the case at bar: " '* * * In cases where the person paying the debt or performing the obligation of another stands in the relation of surety or guarantor to the person whose debt or obligation has been performed, equity substitutes him in the place of the creditor or obligee as a matter of course, without any special agreement to that effect and without requiring any further showing to be made of circumstances entitling him to subrogation.' "

 However, it is asserted that the motion upon which Slater was awarded judgment against Grubbs was not verified with the result that the judgment based on the motion was invalid, and Section 116 of the Civil Code of Practice is relied upon to sustain this position. As we have already said, Grubbs merely objected to the filing of the motion. He should have requested a rule to require proper verification of this pleading, Horton v. Horton, 263 Ky. 413, 92 S.W.2d 373, and his failure so to do seasonably thereby waived any complaint he might have had on this score. Nor does the failure to verify render the filing invalid. Bullock v. Young, 252 Ky. 640, 67 S.W.2d 941, and Turk v. Turk, 230 Ky. 191, 18 S.W.2d 1003.

 Grubbs next complains because the court failed to make separate findings of law and fact. See Section 332 of the Civil Code of Practice. Admittedly, this was requested and not done. However, it does not constitute reversible error for the reason that there is no dispute concerning the

essential facts, and for the further reason that the record would justify no finding of fact which would result in a different legal conclusion from that reached. See Louisville Ry. Co. v. Louisville Area Transp. Workers Union, 312 Ky. 656, 657, 228 S.W.2d 652, and Gugenheim v. City of Marion, 242 Ky. 350, 46 S.W.2d 478.

It is finally urged that Slater violated the order of supersedeas by filing an affidavit and certain exhibits after its issuance. A supersedeas suspends the enforcement of the judgment and no further proceeding thereunder may be taken, except such as are necessary to protect the rights of the parties. 3 Am.Jur., Appeal and Error, Sec. 542, p. 199. However, it appears that the affidavit and exhibits should not have been filed in the lower court and we have ignored them on this appeal.

We conclude that Slater proceeded in strict accordance with our statutory requirements to subrogate himself to the judgment of the bank and the creditor's rights flowing therefrom, and we are persuaded that his judgment in favor of Slater is correct.

Wherefore, the judgment is affirmed.