Daniel, Judge.
The plaintiff declared in assumpsit for money paid to the use of the defendant, at his request, and the enquiry is, whether the law would, in a case like this, imply a request. It is settled law, that if one pays the debt of another without his request, express or implied, he cannot recover in an action for money paid; for the supposed debt- or may have a good reason to resist the payment of the money. Stokes v. Lewis, 1 T. R. 20, 2 Saund. 264. Leigh’s N. P. 70. The plaintiff became bail only for Patton, at his request, and for his personal benefit. In consequence whereof, he has been by process of law compelled to pay the whole debt, for which the creditor had recovered a joint judgment against Patton and the defendant on their joint obligation. Had Patton, merely from his relation of co-obligor, any agency or authority to request the plaintiff to pay the joint debt, so as to subject the defendant to this action for money paid to his use? We can find no authority for such a position. The law will certainly imply a request to pay on behalf of Patton, who was the principal in the bail bond; but not on behalf of the defendant, who was not a privy, but is a mere *425 .stranger to that transaction. It. seems to ns that the opinion of the Judge was correct, and therefore the judgment must be affirmed.
Per Curiam. Judgment affirmed.