# Commonwealth to use, Appellant, v. Froelich.

*Principal and surety—Interpleader bond—Judgment—Rights of surety who has paid judgment.*

1. When a party is required to pay a debt for which he has made himself legally liable, as surety, for which another is liable as principal, and which that other in good conscience ought to pay, such payment operates to invest the party paying with the creditor's rights and remedies against the principal debtor.

2. Where the subject-matter is situated within another state or county but the parties are within the jurisdiction of the court any suit may be maintained and remedy granted which may directly affect and operate upon the person of the defendant and not upon the subject-matter although the subject-matter is referred to in the decree and the defendant is ordered to do or refrain from certain acts toward it and it is thus ultimately but indirectly affected by the relief granted.

3. A surety on an interpleader bond who has paid a judgment recovered against himself in a suit on the bond, is entitled to compel from the party who received payment, an assignment to himself of a judgment recovered against the principal in the interpleader proceedings, and also an award of the orphans' court made against the estate of the principal after the latter's decease, based on the judgment in the interpleader proceedings, and surcharging the administrator for the amount thereof; and this is the case although the party in the interpleader proceedings who secured the judgment, and to whom the payment was made, was the surety of the administrator of the deceased principal. In such a case the surety on the interpleader bond had a standing in the orphans' court to compel a proper accounting by the administrator.

Argued Nov. 10, 1913.   Appeal, No. 291, Oct. T., 1912, by plaintiff, from order of C. P. Lancaster Co.,

June T., 1911, No. 62, making absolute rule to assign judgment and award in case of Commonwealth to use of Benjamin N. Nolt v. John M. Froelich.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Rule to compel assignment of judgment and award. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute order to assign judgment and award.

*B. F. Davis,* for appellant.—According to the facts in this proceeding, as set forth in the answer and not disputed, the doctrine of subrogation here would work gross injustice to the appellant, Mr. Nolt: Shimp's Assigned Est., 197 Pa. 128; Keely v. Cassidy, 93 Pa. 318.

*W. H. Keller,* of *Coyle & Keller,* with him *M. E. Musser, J. W. Brown* and *W. U. Hensel,* for appellee.— A surety upon payment of the claim is entitled to the securities held by the creditor: Fels v. Massachusetts Bonding & Ins. Co., 48 Pa. Superior Ct. 27; Hill v. Denniston, 197 Pa. 271; Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179; Prairie State Bank v. U. S., 164 U. S. 227.

OPINION BY PORTER, J., April 20, 1914:

This is an appeal from the decree of the court below ordering Benjamin N. Nolt to assign and transfer to John M. Froelich the judgment standing in the name of Nolt against Clara Y. Binkley, at No. 10, August Term, 1905, of the court of common pleas of Lancaster county, and the award of the orphans' court of Lancaster county at No. 39, February Term, 1908, of said court, made to said Nolt on account of said judgment,

in distribution of the estate of Clara Y. Binkley now deceased. The petition of Froelich, for subrogation to the rights of Nolt, in the judgment and award involved, and the answer thereto of Nolt disclose the following facts: Nolt issued an execution upon a judgment held by him against Henry Binkley and a levy was made upon property claimed by Clara Binkley, the wife of the defendant in the execution. Clara Binkley, in accordance with the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, gave bond in double the appraised value of the property so claimed, on which the appellee, John M. Froelich, and another now deceased, became sureties. An issue in interpleader was framed to No. 10, August Term, 1905, of the court of common pleas of Lancaster county in which Clara Binkley was plaintiff and B. N. Nolt defendant. Before the issue was tried Clara Binkley died and letters of administration were granted by the register of wills of Lancaster county to her son, Harry Binkley, upon whose bond as administrator B. N. Nolt and J. L. Minnich became sureties. The administrator of the estate of Clara Binkley was substituted as the plaintiff in the interpleader issue and the case was tried and resulted in a verdict for the defendant, Nolt, for $1,024.25. After judgment had been entered upon this verdict against the estate of Clara Binkley, Harry Binkley filed in the orphans' court his account as administrator of that estate, to which account Froelich, the appellee, and his cosurety upon the interpleader bond of Clara Binkley, filed exceptions. The issue raised by the exceptions was so proceeded in that, on May 3, 1909, the orphans' court of Lancaster county, at No. 39, February Term, 1908, of said court, entered a decree surcharging the said Harry Binkley, administrator, and finding that there was in his hands a balance for distribution of $1,118.67. The only claim presented or allowed by the court upon the audit was as follows: "Benjamin N. Nolt, judgment on verdict in suit to No. 10, August Term, 1905, in the court of

common pleas of Lancaster county, $1,024.25, interest from November 24, 1908, $32.72, costs $63.70," making a total of $1,118.67. The entire balance for distribution was decreed: "To Benjamin N. Nolt, judgment creditor, $1,118.67." No exceptions were filed to this adjudication, which was confirmed absolutely, no appeal was taken therefrom, and the award remains open, unpaid and unsatisfied. Nolt subsequently brought this action against Froelich, upon the interpleader bond in which the latter had become surety for Clara Y. Binkley, the cosurety being then deceased, and recovered a judgment for $1,273.21. Froelich on February 24, 1912, paid this judgment to the attorney for Nolt, and his demand that Nolt transfer and assign to him the securities which he held against the estate of Clara Y. Binkley, the principal debtor for whom Froelich had been compelled as surety to pay, having been refused, he the same day presented to the court below his petition fully setting forth the facts and praying the court to decree that Nolt assign to him the said judgment in the court of common pleas which he held against Clara Y. Binkley and the award of the orphans' court of Lancaster county, making distribution to that judgment. The court granted a rule upon Nolt to show cause why the decree should not be made and to that rule he filed an answer. The answer did not deny any of the facts alleged in the petition; it could not well have done so for all the facts were matter of record.

The answer averred that Froelich was bail upon the interpleader bond and as such was a mere volunteer, and not entitled to the relief prayed for. This contention is without merit. The appellant evidently had in mind those cases in which one man has paid the debt of another for which the party paying was not legally liable. The bond upon which Froelich became a surety was one expressly provided for by statute in a proceeding to try the question of the ownership of personal property. His act in becoming surety was a voluntary one,

as is true in almost every case of suretyship, but it is nevertheless true that he was legally liable to be called upon to pay, in case the proceeding in which the bond was filed resulted in a verdict against the principal, for whom he became surety. The liability of the principal had not yet been fixed, and Froelich cannot be treated merely as bail for stay of execution. The allegation of the answer that Froelich and his cosurety had no right or authority to file exceptions to the account of Harry Binkley, administrator of the estate of Clara Y. Binkley, is not entitled to serious consideration. Froelich was a party having an interest in the proper administration of the estate, he was her surety for a debt which had been reduced to judgment against her estate, and he had a right to insist that the estate should be honestly administered. The record of the orphans' court, which the appellee made a part of his petition, shows that this appellant was represented in that court by his counsel at the audit of the account of the administrator of the estate of Clara Y. Binkley; if he, as surety for the administrator, was not satisfied with the conclusion at which the learned judge of the orphans' court arrived, he ought to have at least filed exceptions to that decree, and having failed to do so the decree of that court is conclusive as to him upon that matter.

The contention upon which the appellant seems most confidently to rely, in his efforts to defeat the right of the appellee to recover from the estate of the principal debtor the amount which he as surety has been compelled to pay, may be best stated in the language of the answer: "There is no equity whatever in the claim of the petitioner, as the object of it is to enable the said sureties on the interpleader bond to proceed by action upon the administration bond of the said Harry Binkley, upon which the said Benjamin N. Nolt, respondent, is one of the sureties." When Benjamin N. Nolt became surety upon the administration bond of Harry Binkley, he did not make himself a surety for the pay-

ment of the debts of Clara Y. Binkley; he is not in the position of a surety for Clara Binkley. He can only be required to answer for the conduct of Harry Binkley, the administrator, but he cannot because of the fact that he was once a creditor of the estate cancel his liability on the administration bond and defeat the rights of Froelich who has succeeded to his rights as a creditor. When the appellant became surety upon the administration bond which enabled Harry Binkley to take possession of the assets of the estate of Clara Y. Binkley, he knew that he himself had this claim against the estate of Clara Binkley and that this appellee was secondarily liable for that claim, as surety. He is presumed to have known that if the surety was required to pay the debt he (the surety) would be entitled to recover from the estate of Clara Binkley and in case the administrator defaulted in his trust would have the right to pursue the sureties upon his bond. The appellant is no longer a creditor of the estate and the facts disclosed by the petition and answer indicate that the only present creditor of the estate is this appellee. There are no other creditors who might have conflicting equities.

When a party is required to pay a debt for which he has made himself legally liable, as surety, for which another is liable as principal, and which that other in good conscience ought to pay, such payment operates to invest the party paying with the creditor's rights and remedies against the principal debtor. This is the mode which equity adopts to compel the ultimate payment by him who in good conscience ought to pay the debt, to the relief of him whom none but the creditor could ask to pay. The general rule is well settled that if a surety has paid a debt, he is entitled to all the securities the creditor had against the principal debtor: Pott v. Nathans, 1 W. & S. 155; Burns v. Huntingdon Bank, 1 Penrose & Watts, 395; Armstrong's Appeal, 5 W. & S. 352; Hill v. Denniston, 197 Pa. 271. When the judg-

ment, to the rights of the plaintiff in which the surety seeks subrogation, is in the same court with the proceeding in which the surety has been compelled to pay, an actual assignment may not be necessary. The right of substitution is the substantial thing; the actual substitution is unimportant. The right of substitution being shown and the surety having paid the debt, he succeeds by operation of law to the rights of the creditor: Wright v. Grover & Baker S. M. Co., 82 Pa. 80. Where the parties are already before the court, the chancellor may as well do justice to them at once by a direct decree: Croft v. Moore, 9 Watts, 451. The proceeding to enforce the right of subrogation, by a surety, whether it be by a mere rule to show cause, a petition or a formal bill, is essentially a proceeding in equity, and the petition in the present case must be considered as a mere substitute for a bill in equity: Steele's Appeal, 72 Pa. 101.

This appellant is no longer a creditor of the estate of Clara Y. Binkley, his claim has been paid by this appellee, the surety of the principal debtor; the appellant has standing in his name a judgment in the court of common pleas, and an award in the orphans' court of an amount almost sufficient to pay that judgment, out of funds which ought to be in the hands of the administrator of the estate. These securities are of no further use to the appellant, for he has been paid, but this appellee, the surety who has paid the debt, is entitled to have those securities, for as between him and the estate of Clara Y. Binkley the debt has not been paid. The court did not err when it directed this appellant to assign to the appellee the award in the orphans' court. That award had been by the orphans' court clearly marked and designated as upon account of the judgment in the common pleas, and it thus became a security collateral to that judgment. The court in disposing of this matter was exercising equitable jurisdiction, the parties litigant were before the court and it had authority to compel the appellant to assign to the

appellee the award in the orphans' court, the right of the appellee to have that award being free from doubt. The court below did not attempt to exercise any authority over the orphans' court or decree that it should do anything with regard to the award in Clara Binkley's estate; it only ordered the appellant, who was a party litigant before it, to assign and transfer the award. "Where the subject-matter is situated within another state or county but the parties are within the jurisdiction of the court any suit may be maintained and remedy granted which may directly affect and operate upon the person of the defendant and not upon the subject-matter although the subject-matter is referred to in the decree and the defendant is ordered to do or refrain from certain acts toward it and it is thus ultimately but indirectly affected by the relief granted:" Schmaltz v. York Manufacturing Co., 204 Pa. 1; Kane & Elk Railroad Co. v. Pittsburg & Western Railroad Co., 241 Pa. 608; Given's Appeal, 121 Pa. 260; Vaughan v. Barclay, 6 Wharton, 392.

The decree is affirmed and the appeal dismissed at cost of the appellant.