## Commonwealth, to use, *v.* Nolt, Appellant.

*Principal and surety—Interpleader bond—Judgment—Rights of surety who has paid judgment.*

A surety on an interpleader bond who has paid a judgment recovered against himself in a suit on the bond, is entitled to compel from the party who received payment, an assignment to him-

self of a judgment recovered against the principal in the interpleader proceedings, and also an award of the Orphans' Court made against the estate of the principal after the latter's decease, based on the judgment in the interpleader proceedings, and surcharging the administrator for the amount thereof; and this is the case although the party in the interpleader proceedings who secured the judgment, and to whom the payment was made, was surety of the administrator of the deceased principal.  In such a case the surety of the administrator has no superior equity to the surety on the interpleader bond, and the latter may maintain an action against the surety of the administrator on the bond entered by him.

Argued Nov. 10, 1915.   Appeal, No. 156, Oct. T. 1915, by defendants, from judgment of C. P. Lancaster Co., Aug. T., 1914, No. 21, on verdict for plaintiffs in case of. Commonwealth to use of John M. Froelich v. Christian H. Nolt, et al., Executors of the will of Benjamin N. Nolt, deceased.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER.   JJ.   Affirmed.

Assumpsit on a bond.   Before LANDIS, P. J., and HASSLER, J.   See 56 Pa. Superior Ct. 604.

Verdict and judgment for plaintiff for $1,291.69.   Defendants appealed.

*Error assigned* was in giving binding instructions for plaintiffs.

*B. F. Davis,* for appellant.

*W. H. Keller,* of *Coyle & Keller,* with him *M. E. Musser* and *J. W. Brown,* for appellee.

PER CURIAM, July 18, 1916:·
Benjamin N. Nolt issued a fi. fa. upon a judgment he held against Henry Binkley, Sr., by virtue of which certain personal property was levied upon.   Clara Y. Binkley, the wife of the defendant in the execution, claimed

the property. In due course a sheriff's interpleader issue was framed in which she was made plaintiff and Benjamin N. Nolt, defendant; and upon her giving bond with sureties, which was approved by the court, the chattels were delivered to her. Later, the death of Clara Y. Binkley was suggested and Harry Binkley, who was her son and the administrator of her estate, was brought in and made plaintiff in the suit. The subsequent trial resulted in a verdict and judgment thereon in favor of the defendant, Benjamin N. Nolt, for $1,024.45, this being the value of the property with interest. See Binkley v. Nolt, 46 Pa. Superior Ct. 531.

John M. Froelich was one of the sureties on the interpleader bond given by Clara Y. Binkley, and Benjamin N. Nolt was one of the sureties on the administration bond given by Harry Binkley. Upon exceptions to the account of Harry Binkley, administrator, the Orphans' Court entered a decree surcharging him and awarding the entire balance found to be in his hands for distribution ($1,118.67) to Benjamin N. Nolt, upon his claim under the last mentioned judgment. No exceptions to the adjudication were filed and no appeal was taken from the final decree.

Subsequently Benjamin N. Nolt brought an action against John M. Froelich upon the interpleader bond, in which he was surety for Clara Y. Binkley, his cosurety being dead, and recovered a judgment for $1,273.21.

John M. Froelich paid this judgment and demanded that Nolt transfer and assign to him the securities he held against the estate of Clara Y. Binkley, the principal debtor, whose debt Froelich, as surety, had been compelled to pay. This demand having been refused he presented to the Court of Common Pleas, under the title of the case last referred to, a petition fully setting forth the facts shown by the records to which we have referred, and praying the court to decree that Benjamin N. Nolt assign to him the judgment which he, Nolt, had obtained in the interpleader and also the award thereon in the

Orphans' Court. A rule to show cause was granted on the petition, to which Nolt filed an answer, and after full hearing the court made absolute the rule and decreed the assignment prayed for. The decree was in these words, "We must, therefore, make absolute the rule, and order Benjamin N. Nolt to assign and transfer to John M. Froelich the judgment against Clara Y. Binkley to August Term, 1905, No. 10, and the award of the Orphans' Court of Lancaster County on said judgment out of the estate of Clara Y. Binkley to February Term, 1908, No. 39. Rule made absolute." On Benjamin N. Nolt's appeal from this decree, which after his death was prosecuted by his executors, the decree was affirmed: Commonwealth, to use, v. Froelich, 56 Pa. Superior Ct. 604.

The action under review in the present appeal was on the administration bond in the estate of Clara Y. Binkley, in which Benjamin N. Nolt was surety. No question was raised in the pleadings or on the trial as to the validity of the bond, nor was there any pretense that anything occurred after the decree affirmed in 56 Pa. Superior Ct. 604, to extinguish the obligation of the principal or the sureties thereon or to affect the parties' rights under the decree. The defense set up was, as shown by the defendants second point (fourth assignment of error), that under the facts recited in the point, "the said Benjamin N. Nolt or his estate has, therefore, a superior equity to the said John M. Froelich, and therefore, the said John M. Froelich cannot recover in this action against the estate of Benjamin N. Nolt, deceased." By reference to the opinion of Judge PORTER in the case cited it will be seen that this question was fully considered and elaborately discussed, and that the conclusion reached was adverse to the appellant's contention. After an accurate and painstaking statement of the facts, and of the appellant's contention as to the equities, Judge PORTER said: "When Benjamin N. Nolt became surety upon the administration bond

of Harry Binkley, he did not make himself a surety for the payment of the debts of Clara Y. Binkley; he is not in the position of a surety for Clara Binkley. He can only be required to answer for the conduct of Harry Binkley, the administrator, but he cannot because of the fact that he was once a creditor of the estate cancel his liability on the administration bond and defeat the rights of Froelich who has succeeded to his rights as a creditor. When the appellant became surety upon the administration bond which enabled Harry Binkley to take possession of the assets of the estate of Clara Y. Binkley, he knew that he himself had this claim against the estate of Clara Binkley and that this appellee was secondarily liable for that claim, as surety. He is presumed to have known that if the surety was required to pay the debt he (the surety) would be entitled to recover from the estate of Clara Binkley and in case the administrator defaulted in his trust would have the right to pursue the sureties upon his bond. The appellant is no longer a creditor of the estate and the facts disclosed by the petition and answer indicate that the only present creditor of the estate is this appellee. There are no other creditors who might have conflicting equities."

Furthermore, all the facts, upon which the appellants rely to establish their claim to a superior equity in Benjamin N. Nolt, existed before the decree subrogating Froelich to the rights of Nolt in the interpleader judgment and in the award of the Orphans' Court thereon, and were not only available but were brought to the consideration of the court in that proceeding. Therefore, apart from the convincing force of the opinion and the value of the case as a precedent, the decree there entered was itself conclusive of the question sought to be raised in this action, upon proper application of the principles of res adjudicata. The decree as effectually vested in Froelich the right to recover the amount of the judgment in the interpleader and the award of the Orphans' Court thereon from the sureties in the administration bond, in

default of payment by the administrator, as if Benjamin N. Nolt had formally assigned them to him, as the decree directed him to do. In view of this substitution, the action was properly brought in the name of the Commonwealth, and the name of Froelich suggested as plaintiff, and verdict was properly directed in favor of the Commonwealth in the amount of the bond and in his favor in the amount of the damages, namely, the amount awarded by the Orphans' Court to Benjamin N. Nolt on account of his judgment in the interpleader.

The assignments of error are overruled and the judgment is affirmed.