## Estate of Walter S. Harris, Deceased.

*Decedents' estates—Accounts of administratrix—Exceptions— Right to file.*

A surety on a note or obligation of a decedent may file exceptions to an account of an administratrix.

Mere knowledge that an administratrix is carrying on her decedent's business will not debar a creditor or other persons interested from objecting to losses sustained thereby. To estop such a party from objecting he must have actively encouraged such action by the legal representative of the decedent, or consented that any losses incurred should be borne by the estate, and not by the administratrix.

Argued December 3, 1924. Appeal, No. 111, October T., 1924, by Mary R. Harris, Administratrix, from decree of O. C. Chester Co., in the case of the Estate of Walter S. Harris, deceased. Before Orlady, P. J., Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Exceptions to the account of administratrix. Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

An auditor was appointed to pass upon the exceptions to the account and to make distribution. He sustained the exceptions, and subsequently the court dismissed the exceptions to the auditor's report and ordered distribution in accordance therewith.

*Error assigned* was the decree of the court.

*W. S. Harris,* for appellant.

*J. Paul MacElree,* for appellee.

OPINION BY KELLER, J., July 9, 1925:

This appeal is by the administratix of a decedent's estate from the decree of the Orphans' Court of Chester County dismissing exceptions to the report of an auditor, surcharging her with certain payments alleged to have been made improperly out of the funds of the estate. The record before us is not very complete or illuminating but the administratrix seems to have carried on her deceased husband's business of draying and hiring trucks and to have done so unsuccessfully to the consequent loss of his insolvent estate.

Two questions are raised. (1) The status of the exceptant to object to the account; (2) the right of the exceptant to file such exceptions in view of her knowledge that appellant was carrying on the business.

(1) A surety on a note or obligation of the decedent may file such exceptions: Com. to use of Nolt v. Froelich, 56 Pa. Superior Ct. 604, 608.

(2) Mere knowledge that an administratrix is carrying on her decedent's business will not debar a creditor or other person interested from objecting to losses sustained thereby. To estop such a party from objecting

he must have actively encouraged such action by the legal representative of the decedent, or consented that any losses incurred should be borne by the estate, and not by the administratrix; neither of which was here shown.

The appeal is dismissed at the costs of the appellant.