# Goldman v. Mitchell-Fletcher Company et al.

*Joint-tortfeasors—Principal and surety—Subrogation of surety.*

Where a judgment for personal injuries has been recovered against joint-tortfeasors and separate appeals have been taken, the surety upon the appeal bond of one of them, on payment of the judgment, is entitled to have the judgment marked to its use and has the right to exercise all the remedies against both joint-tortfeasors which the plaintiff himself could have exercised.

Rule to mark judgments to the use of surety. C. P. No. 2, Phila. Co., March T., 1924, No. 1331.

*W. W. Smithers*, for plaintiff; *Chester N. Farr, Jr.*, for defendants.

Lewis, J., Sept. 27, 1927.—Upon petition of the American Surety Company a rule has been granted upon the plaintiff and both defendants in this case to show cause why the satisfaction of the judgments should not be stricken off and the judgments marked to the use of the petitioner, with the right given to petitioner to exercise all and every the rights and remedies of the plaintiff. From the petition and the answer thereto which has been filed on behalf of one of the defendants, Philadelphia Rapid Transit Company, it appears that judgments were recovered by the plaintiff, Gertrude Goldman, and also by her daughter, Sarah Goldman, against the defendants upon a claim for personal injuries by reason of the joint negligence of the defendants. The joint defendants filed separate appeals from the judgments, and at the request of the defendant, Mitchell-Fletcher Company, the petitioner, American Surety Company, became its surety in order that its appeal might act as a *supersedeas*. No bond was filed on behalf of the other defendant, Philadelphia Rapid Transit Company, as it appears the plaintiff's attorney agreed that the defendant's appeal should act as a *supersedeas*. The appeals of the defendants were unsuccessful.

There was some delay in the payment of the judgments, and in order "to avoid additional costs and interest," and "for the protection of its subrogation rights until the parties (defendants) work out their contest," the petitioner (surety company) paid to the attorney for the plaintiff the amounts of the judgments. The plaintiff's attorney then entered satisfaction of said judgments of record. Demands for the payment of the said sums were made upon the defendants, and upon their failure to pay, the present petition was filed.

As before stated, an answer has been filed by Philadelphia Rapid Transit Company only. The position assumed by the Philadelphia Rapid Transit Company is that the petitioner was surety for the other defendant only, and, therefore, as surety, it has no cause of action or other rights against its principal's co-defendant by reason of the payment of the judgment, since there is no right of contribution as between tortfeasors. This position is sought to be supported by a strenuous argument of counsel to the effect that if we grant the present petition, it would operate to defeat the rule of law against liability to contribution as between joint-tortfeasors; that the surety is entitled to be subrogated only to the rights which its principal possesses, and its principal, as before stated, has no right to demand contribution. Emphasis is laid on the allegation in the answer—which, not being denied by any deposition or by replication, must be taken to be true—that the petitioner has taken indemnity from Mitchell-Fletcher Company to protect itself against loss under the bond.

The cases of Boyer *v.* Bolender, 129 Pa. 324, and Lillie *v.* Dennert, 232 Fed. Repr. 104, are relied upon by counsel for the transit company, but these go

no further than to hold that one of several joint-tortfeasors cannot compel contribution from the others by acting through the agency of a third person.

On the other hand, the cases cited by the petitioner make it clear beyond any doubt that a surety who pays the amount of a judgment against his principal is entitled to the remedy sought by this petitioner, where the judgment is against the principal alone, and though it has been marked satisfied of record: Wright v. Grover & Baker Co., 82 Pa. 80; Com., to use, v. Froelich, 56 Pa. Superior Ct. 604.

The question presented is an interesting one, upon which there seems to be no direct authority in this jurisdiction, and upon which the authorities elsewhere are not in accord. Thus we find it said in 2 Freeman on Judgments, 2360: "In the case of judgment debtors who were joint-tortfeasors, there is ordinarily no right of contribution between them, and a payment by one satisfies the judgment, even though he may at the same time have had an assignment executed to a third person. But this rule would not be applicable where payment was made by a surety."

On the other hand, it is stated in 32 Cyc., 252: "If a person becomes surety for one only of two *joint* debtors, he cannot recover from the other. . . ." The cases cited in support of this are Osborn v. Cunningham, 20 N. C. 423, and Bowman v. Blodgett et al., 2 Metc. (Mass.) 308. The court in the first cited case gives as the reason for its decision the lack of privity between the surety and the other defendant. The judgment in that case, as well as in the Massachusetts case, was a joint debt.

The cases of Kolb v. National Surety Co., 176 N. Y. 233, 68 N. E. Repr. 247 and Rosenthal v. New York Rys. Co. and Empire Carting Co., 109 Misc. Reps. (N. Y.) 210, are precisely in point, as in each of them the facts were identical with those present here. In the Kolb case, Judge Gray, of the Court of Appeals of New York, said: "The appellant argues that when the surety company paid the judgment recovered by Smith, the effect was the same as though Adwen, for whom it was surety, had paid the judgment against him and his co-defendants; that, as a judgment recovered in tort, it was extinguished by the payment, and that no right of contribution against this plaintiff or Theodore Smith, who were joint-tortfeasors with Adwen, survived or existed. The general proposition is true that there is no right of contribution as between wrongdoers which can be enforced; for a court of equity, which alone would have jurisdiction of such an action, will refuse to lend its aid to those who have been guilty of illegal conduct, or who do not come before it with clean hands. . . . That this doctrine of equity would or should exclude from relief a surety who, like this respondent, has been decreed by the court to be entitled to be subrogated to the rights and remedies of the judgment creditor, and is, in effect, in the position of a purchaser from the latter of the judgment, I do not believe. If there is a precedent, I do not find it, for such extreme application of the doctrine. In the first place, a surety who pays a debt is, by the well-settled law of the land, entitled to stand in the shoes of the creditor, or to be subrogated to all of his rights, remedies and securities with respect to any fund or lien; not upon any contractual basis, but upon established principles of equity, or, as said by Chancellor Kent in Cheesebrough v. Millard, 1 Johns. Ch. 412, 'on mere equity and benevolence.' In the second place, the surety in this case does not come within the reprobation of the court in any aspect; for the principle of equal contribution being a just one, even as between wrongdoers, and the denial of its recognition resting upon especial grounds, which would be peculiar to the complainant in the bill for equitable relief, this surety is not embarrassed by asking for the

Goldman v. Mitchell-Fletcher Company et al.

which the court had, in the Adwen proceeding, accorded to it. It is innocent of any wrongdoing. That it has paid an indebtedness, arising upon a judgment in tort against several, for one of the judgment debtors should not, as a matter of natural justice, deprive it of the right, approved as it is by a decree of the court, to compel the joint-debtors to contribute proportionately to the payment of the judgment now its property. The right of subrogation is founded in natural justice, and it should be given effect upon purely equitable considerations."

In the second cited case (Rosenthal v. New York Rys. Co. et al.), it was said: "It is contended that by paying the judgment the surety discharged the same as to both defendants. This is untenable. . . . The fact that the original judgment was one sounding in tort, and that New York Railways Company and Empire Carting Company were joint-tortfeasors, in no way mitigates [militates] against the right of the surety company to be subrogated to the plaintiff's rights as against both of these defendants."

We agree with Judge Gray, and, hence, make absolute the rules. The vast increase in number and speed of vehicles using the highways has made the question herein raised a live one; collisions have multiplied and joint responsibility is common. The principle of equal contribution between persons so jointly negligent is a just one, and we are not inclined to apply the old rule, except where it has been decreed to clearly govern. The subject should be submitted to the legislature, that a statute to compel equal contribution might be enacted. Just why one negligent operator of a vehicle should escape penalty because of more ready recovery by the plaintiff from another joint-defendant is not rationally explainable.