Judge SuirsoN
delivered the opinion of the Court.
The plaintiffs’ petition sets forth a good cause of action — it alleges that the defendant subscribed for and took fifteen shares of the capital stock of the Henderson and Nashville Railroad Company, each share being for one hundred dollars, which subscription was made in writing by the defendant, and that the writing will be filed as a part of the petition as soon as the same can be procured. It then contains allegations which show that ten calls, of five dollars each, had been made by the directors of said company, in conformity with the requirements of the charter, none of which had been paid by the defendant. The writing referred to was filed before the defendant filed his demurrer. The obligations which the subscription imposed on the defendant were created and prescribed by the charter, and being matters of law, it was unnecessary to state them in the petition. It was averred that the plaintiffs had complied with all the conditions on their part, which general averment was authorized by the 149¿A section of the Code of Practice. The rule laid down in the case of Hill for the use of *362 Wintersmith vs. Barrett, &c., (14 B. Monroe, 83) and . . , , vj”- , . which has been relied upon in argument to prove PetRi°n in this case is defective, only requires the plaintiff to state in the petition so much of the contract as shows that he, by reason of the alleged acts or omissions on his part, and of those on the part of the defendant, is entitled to an action and to relief.
Testing the petition in this case by this rule, it appears that it contains, on its face, and without reference to the contents of the writing alleged to have been made by the defendant, a statement of facts which constitute a good cause of action, and is therefore sufficient. If the writing upon which the action is founded, contains precedent conditions which the plaintiff must perform, as a general allegation of performance by him is all that is necessary, there does not seem to be any good reason why he should be compelled to state in the petition that part of the written contract which embraces such conditions, but the defendant, if he relies upon the fact that they have not been complied with, can state them at large, and specify the particulars in which the plaintiff'has failed to comply with them. But it is not necessary to decide this point at present, because the writing sued upon does not in our opinion contain any precedent condition, or any stipulation that renders the payment of the stock subscribed for by the defendant dependent on the performance of any prior act by the plaintiffs.
The writing does not contain any stipulation that the stock subscribed for is not to be paid until the road is located as therein mentioned, but only that when the road is located it shall touch or pass near a certain point, and that the amount subscribed shall be expended in said county. These stipulations form part of the contract, and their violation might operate to discharge the defendant from all obligation to pay the amount subscribed by him; and even after its payment he would have a right to restrain the *363 plaintiffs from appropriating it to any other purpose, and from using it in any other manner than that contemplated by the terms of the subscription.
2. To authorize a corporation created by statute to sue, it is not necessary that it should aver its regular organization, and generally one dealing with a corporation is not permitted to deny its existence.
3. Tt is not necessary to aver readiness to perform a part of a contract which is to be performed alt r the act complain ed of.
But as these stipulations were made for the benefit of the subscribers, and do not create any conditions precedent which the plaintiffs had to perform, it was not necessary for them to set them forth in the petition, nor to make any averments in relation to them. They .were made for the benefit of the subscribers, and they have a right to require a faithful compliance therewith, and may, if such be the case, make it appear that they have been broken and disregarded.
It is not necessaiy that the plaintiffs should show that the company has a legal existence, and a right to sue in its corporate capacity, by being organized in the mode prescribed by the charter. This is never required in a suit by a corporation; and in general where a defendant deals with a corporation, and recognizes its existence, he is not permitted to raise the question whether it has been legally organized or not If the defendant, as alleged in the petition, participated as a stockholder in the election of the directory, his right to controvert the corporate existence of the company, may be very questionable.— But be this as it may, this question cannot be made on demurrer, as it was unnecessary to state in the petition such facts as would show that the requisitions of the charter had been complied with, and the company had been legally organized. The first objection to the petition, made in the demurrer, is therefore not valid.
The second ground of objection therein made to it is also untenable. The money subscribed could not be expended until it was paid; its expenditure was a subsequent act, which the plaintiffs had to perform, and consequently it was unnecessary for them to aver their readiness to comply with the terms of the subscription. An averment by the plaintiffs of an offer or readiness to perform on their part, is only necessary where the acts to be done are concurrent, and is *364 not required where the defendant has to pay the money before the plaintiffs are bound to do anything.
4. Conditional subscriptions to a railroad not i n o o n s i s tent with tlie terms of a charter, are binding if the conditions are performed.
The third ground of objection is equally unavailing. The petition does not show that the first installment due on each share is sued for, but only that ten installments, which have been called for, and which remain unpaid, are demanded in the action. Whether the installments thus demanded are the first, or the last, on the stock subscribed, does not appear; and certainly if, as it is assumed by this objection, the plaintiffs had a right to sue for the first installment, because it should have been paid at thé time the stock was subscribed, it should not therefore be presumed that one of the installments mentioned in the petition was the one that was due, and should have been paid without being called for. For this reason this objection was invalid; but the objection, even if the first installment had been sued lor, would not have applied to the other installments, and the fact that it should have been previously paid byr the defendant would hardly seem to furnish a good reason why he should not be compelled to pay it in this action, if he had not previously paid it.
The stock of course was payable in money, as there was no stipulation that it should be paid in anything else, and consequently no averment on this subject was required.
The stock in this case is not conditional, although the defendant has in the act of subscribing for it brought the company under certain obligations to him in relation to it, with which they are bound to comply. Such stipulations are not incompatible with sound policy, or with any of the provisions of the charter. They do not render the subscription void, but operate, as.it was intended they should, for the benefit of the stockholder. But even if the subscription had been made upon the express condition that the money should not be paid until certain acts were done by the company, when those acts were done the stock would then be unconditional, and the sub *365 ecribers would be compelled to pay it, as was decided by this court m tbe case of the Maysville and Lexington R. R. Co. vs. McMillan, 15 B. Monroe, 218.
The court below therefore erred in sustaining the demurrer to the petition.
Wherefore the judgment is reversed, and causo remanded that the demurrer to the petition may be overruled, and for further proceedings consistent with this opinion.