White, J.
The questions, in this case, arise upon demurrer to the petition ; and the special assignments result in the general question, whether the petition states facts sufficient to constitute a cause of action.
I. When the persons, associating to form a company for the purpose of constructing a railroad, have complied with sec. II, of the act to provide for the creation and regulation of incorporated companies (S. & C. Stat. vol. 1, 271), they and their associates, successors and assigns, by the name and style provided in the certificate, become a body corporate, invested with all the powers conferred upon this class of corporations, *334 and subject to the restrictions provided by sec. Ill of the act.
Under the restrictions imposed, these general powers fall into two classes: 'such as may be exercised before, and, such as can not be until after, the election of directors. Among the former is the right to receive subscriptions to the capital stock, and, when ten per centum of the amount shall be subscribed, to elect directors ; and, among the latter, the location and construction of the proposed road. After the election of directors all the business of the corporation is to be transacted by them, or under their authority; but, the existence of the body corporate does not depend upon the election of, or the right to elect, directors.
II. In the present case, it appears from the petition, that the plaintiff was on the first of June 1853, and thenceforth continued to be a corporation duly organized pursuant to the act already referred to; and that, on the fourth of July of the same year, in pursuance of notice theretofore given, the stockholders of the plaintiff duly elected a board of directors; who qualified according to the statute, and assumed the discharge of the duties of their ofiice. On the third of April next following their election, the board located the road on the route, and made á point at the place named in the condition to the writing sued on. And it is to be presumed that the requisite amount of actual stock had been taken to authorize the election of the directors and their action in the location of the .road.
III. The writing in controversy was signed and delivered by the defendant to the plaintiff, on the first day of June 1853, prior to the election of directors, but after the organization of the company. Its taking effect, as a subscription, was subject to two conditions. First, the one expressed, as to the location of the road and the making a point at Rock creek; the second, and necessarily implied from the first, that the amount of unconditional stock would be taken, required by law to authorize the election of directors ; who, alone, would be invested with the powers necessary to perform the ex *335 pressed condition. The writing, upon its face, is declared to be a subscription to the capital stock of “ the Ashtabula and New Lisbon Railroad Company.” The subscribers, severally, agree with the plaintiff, to take the number of shares set opposite to their respective names, “ and to pay therefor, as required by law, and the orders of the board of directors which may be formed” thereafter. And they declare, as a condition, that the road shall pass through the fourth range, and that the company shall make a point at Rock creek for that range. It was known to the defendant that the condition could not be acted on until directors were elected. The subscription was designed as,, and was in fact, a standing or continuing proposition, upon which the plaintiff was not expected to act, until the time arrived for the final location of its road. Having been delivered for this purpose and acted on by the plaintiff, after the condition has been complied with, it became an absolute subscription.
But it is claimed that the location of the road was not a compliance with the terms of the condition — that the road should have been completed on the designated route.
The construction of conditions, like the present, should be such as to facilitate the object of the enterprise. Pierce’s R.R. Law, 75. The views expressed in Chamberlain v. The Painesville and Hudson R. R. Co., decided at the present term, and which it is not necessary to repeat, are conclusive against the construction claimed. The language, in question, is used to designate the line, or route, upon which the road was to be constructed, and the averments in the petition, in our opinion, show a compliance, on the part of the plaintiff, with all that can be fairly required.
IY. There are several other points made which we will briefly notice.
1st. It is said there was no consideration for the agreement, nor mutuality between the parties.
The consideration, was the performance, by the plaintiff, of the condition, and the stock to which the defendant would become entitled. The defendant having submitted the sub *336 scription to the plaintiff to induce its action, upon the terms proposed, until withdrawn, the latter was authorized to act upon it, and when performed on its part, no reason is perceived why it should not be as binding upon the parties, in this form as in any other. 27 Penn. St. R. 261; 3 Cush. R. 224; 24 Verniont, 478; 9 Watts, 458; 3 Seldon, 349.
Except in New York, conditional subscriptions, in the absence of á special prohibition, So far as we have observed, have been sustained, as authorized, and not in conflict with public policy. Pierce’s R. R. Law, 70; Redfield on Railways, 97, sec. 57, note 4; 16 B. Mon. 364;' 39 Maine, 595; 10 Poster, 401; 10 Ind. Rep. 499; Chamberlain v. The P. & H. R. R. Co. ante, 225.
2d. It is said (1) the company was not a party when the agreement was made; and (2), that it is not shown when the plaintiff became possessed of the instrument.
The first part of this objection proceeds upon the supposition that the plaintiff had not a corporate existence at the time of the delivery of the proposed subscription. This has already been shown to be unfounded. The answer to the second is, that the subscription, in question, was designed for the action of the directors, and, on their election, passed, with all other property of the corporation, under their control.
3d. It is claimed that unless the proposed subscription took effect at the time of delivery, it is void under.the sixth section of the statute, which provides, that five dollars on each share shall be payable at the time of making the subscription.
This section, as was decided in Chamberlain’s ease, does not prescribe the form or mode in which subscriptions are to be made. It does not apply until after the legal relation of a stock subscriber has been established. When this had been done, it declares that an installment of five dollars shall be', payable on each share. “ The time of making the subscription” refei’s to the time at which it becomes complete. In the present case, the liability of the defendant to pay the first installment and the assessments, arose when his subscription became absolute.
*337 4th. It is objected that the defendant was not notified of the acceptance of his subscription.
It is averred that he had notice of the performance of the condition, and this was sufficient.
5th, Another objection, insisted on, is that it is not shown that the provisions of the ninth section were complied with; and, further, that the alleged subscription does not appear to have been made in a boob opened for the purpose.
As to the first part of this objection it may be answered, that, under the allegations in the petition, it will be presumed that all the necessary facts existed to authorize the election of directors. And, as to the second, that the subscription, if unexceptionable in other respects, will not be rendered invalid by reason of not being written and subscribed in a book. The opening of subscription books, though one, is not the exclusive mode in which a railroad company is authorized to dispose of its stock.
The judgment of the common pleas will be reversed, demurrer overruled, and the cause remanded for further proceedings.
Brinkerhoee, C.J., and Scott and Welch, JJ., concurred.