### JOHN F. HARRIS v. THOMAS J. FLANERY, ET AL.

**Pleading and Proof.**

Proof, unless based on averments in the complaint, is as fatal to success as averments are without proof.

**City Ordinances for Public Improvements.**

Where it is shown by the pleadings and admitted by the parties that an ordinance for a street improvement was illegal because not passed by a yea and nay vote, a judgment against such defendant property holder is erroneous.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

February 6, 1877.

OPINION BY JUDGE ELLIOTT:

This is an action brought against the appellant in the court below for the value of improvements made on Watts street, city of Paducah, appellant's block of lots fronting thereon for the distance of four hundred feet.

Appellant, by his answer, denied that any ordinance had been passed by calling the yeas and nays by the city council as required by the charter of the city of Paducah. He also denied that the improvements were of any benefit to the lot owners, and stated that the value of the improvements amounts to more than half the value of the lots fronting on Watts street, and was unauthorized and void.

The appellees by their amended petition admitted the allegation of appellant's answer that the ordinance for the improvement of Watts street was passed by the city council of Paducah without the yeas and nays having been ordered, and that the vote by which it was passed had not been taken by yeas and nays as required by the city charter, and for this dereliction of duty the city of Paducah was made a defendant, and a judgment asked against it for the value of the improvement. The city answered and asserted its compliance with the law in the passage of the ordinance for the improvement of Watts street, and a copy of the ordinance filed in this action fully sustains the answer of the city on that subject.

The appellees, without further amending their pleadings or in any way withdrawing the allegation that the ordinance for the improvement of Watts street was null and void, because not passed in accordance with the requirements of the charter, went to trial and the court adjudged in their favor two hundred dollars against appellant, and the balance of their claim against the city.

This judgment as to appellant is erroneous. The appellees, by their own pleadings, abandoned substantially their suit against appellant by admitting his plea that the ordinance under which Watts street had been improved had been illegally passed by the city council. The appellees admitted by their amended pleading that they had no cause of action against appellant, and by it sued the city, and as they could not legally recover against the appellant without showing a valid cause of action against him by their pleadings, the court should have dismissed their suit against him. This court has

often decided that proof without allegation is as fatal to success as allegation without proof.

Wherefore the judgment is *reversed* and cause remanded for further proper proceedings and petition for rehearing overruled.

*J. M. Biggs, for appellant.    L. D. Husbands, for appellees.*