CASE 14—ACTION FOR MONEY HAD AND RECEIVED—DEC. 13.

## Nichols v. Bardwell Lodge No. 179 I. O. O. F.

APPEAL FROM CARLISLE CIRCUIT COURT.

PLEADING PRIVATE ACTS.—The act incorporating the Grand Lodge of the Independent Order of Odd Fellows of Kentucky, is a private act, and under Sec. 119, sub-sec. 2, Civil Code of Practice, must be specially pleaded where the corporate existence of the order is a substantive fact in the litigation.

R. J. BUGG, FOR APPELLANT. (J. M. NICHOLS & SON, OF COUNSEL.)

1. Demurrer to the petition should have been sustained because there is no allegation of the corporate capacity of the plaintiff. Its allegation in that regard is a mere conclusion of law. Nor

Nichols v. Bardwell Lodge No. 179 I. O. O. F.

is it alleged that the Grand Lodge of Kentucky is a corporation. Under sub-sec. 2, sec. 119, the private act incorporating the Grand Lodge must have been set out. City of Covington v. Hoadley, 83 Ky., 444.

2. If it be assumed that the Grand Lodge is a corporation it can not be assumed that by virtue of its charter it has power to create subordinate lodges which are of themselves corporations. Am. & Eng. Ency. of Law, vol. 4, p. 190.

3. Subordinate lodges are voluntary associations. Kentucky Lodge No. 39, I. O. O. F. v. Limeback, 8 Ky. Law Rep., 705. Voluntary associations may not sue or be sued in the corporate name. Am. & Eng. Ency. of Law, vol. 17, p. 488; March v. Astoria Lodge No. 112 I. O. O. F., 27 Ill., 421; Kiskell v. Chickasaw Lodge No. 8 I. O. O. F., (Tenn.) 11 S. W. R., 825.

4. No allegation is made in the petition that the plaintiff has power to contract. No such power ordinarily belongs to a charitable and benevolent institution and it will not be presumed to exist.

5. The affairs of Merritt Lodge were liquidated before the surrender of its charter and the Grand Lodge never acquired any legal or equitable title to the assets of Merritt Lodge which had been distributed prior to the surrender of its charter. And if the Grand Lodge did acquire or have title to the fund in question, it could not assign it to the appellee because the fund itself was impressed with a trust.

6. If any right of action exists for the fund distributed by the Merritt Lodge, it is in the widows and orphans of deceased members and those members entitled to sick benefits. But this action is not brought by them nor for their benefit.

7. The purchase of the lot in Blandville for the benefit of Merritt Lodge prior to its incorporation vested in the corporation after its organization. Anderson v. West Kentucky College, 10 Ky. Law Rep., 725. The pleadings show that the fund in litigation is the proceeds of the rent and sale of the house and lot in Blandville.

JOHN W. RAY, FOR APPELLEE.

1. The evidence does not show incorporation of Merritt Lodge No. 147 I. O. O. F. Acceptance of the charter is essential to the creation of such corporation. Mason v. Finch, 28 Mich., 282. The ten members to whom the funds were distributed by the Merritt Lodge were not the beneficiaries entitled to the fund.

Under the rules of the order they were not beneficiaries of the trust, but the widows and orphans of deceased members were the beneficiaries. And the Bardwell Lodge, the appellee, is the successor in the trust to the Merritt Lodge.

2. A lodge for charitable purposes can not distribute its assets among its members, ignoring the purposes of the organization. Duke v. Fuller, 9 New Hamp., 536; Morton v. Smith, 5 Bush, 467.

3. If the appellee is not a corporation *de jure*, it is a *quasi* corporation or at least a partnership.

Additional citations: Henderson & Louisville R. R. Co. v. Leavell, 16 B. M., 358; Newman Pldg. & Prac., p. 292.

R. J. BUGG, FOR APPELLANT, IN A PETITION FOR A MODIFICATION OF THE OPINION.

The original opinion was modified on its face and the petition overruled.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee alleges that it is a branch of the Grand Lodge of the Independent Order of Odd Fellows of Kentucky, and that, by virtue of the charter granted to the Grand Lodge of Kentucky, it is a corporation authorized to sue and be sued in its corporate name; that Merritt Lodge, No. 147, was also a branch of the same order, and that it voluntarily disbanded as a separate organization, and by the consent and direction of the Grand Lodge its members were transferred to and became members of Bardwell Lodge, No. 179, without the payment of any additional dues; that, shortly before the dissolution of Merritt Lodge, its members appropriated to their own use a fund of $1,088, which had accumulated during the life of that lodge from the levy of dues upon its members, which were made by the authority of the charter granted to the Grand Lodge; that this was a trust fund, for purely charitable purposes, and that upon the dissolution of Merritt Lodge this fund became the property of the Grand Lodge, under the rules and by-laws of that organiza-

tion, and subject to its control, and that the Grand
Lodge transferred and assigned this fund to plaintiff; that
defendant had appropriated $108 of this fund, which he re-
fused to surrender, and sought judgment for that amount.
Defendant filed a special demurrer to the petition, on the
ground that the plaintiff did not have legal capacity to
sue, which was overruled. He thereupon filed answer,
admitting the dissolution of Merritt Lodge, and the trans-
fer of its members to plaintiff lodge, and that prior to
the transfer Merritt Lodge had on hand a fund of $1,088,
which had been distributed *pro rata* among the members
belonging to the lodge prior to its dissolution, and that he
had received $108 of this fund. But he denied the right
of the plaintiff to maintain the action, and also denied
that the Grand Lodge of Kentucky had any interest in
this fund, or any authority over it, or any power to trans-
fer or assign it to plaintiff. He further alleges that
Merritt Lodge had been incorporated, by a special act of
the Legislature, long before its dissolution, and was au-
thorized to acquire and hold property to the extent of
$20,000; and claims that the fund in question was not the
proceeds of dues levied for charitable purposes by author-
ity of the Grand Lodge, but that it arose, during the cor-
porate existence of Merritt Lodge, from the rent and sale
of real estate belonging to the local corporation. The
issue being made up, and the case tried out, resulted in
a verdict and judgment for plaintiff, which we are asked
upon this appeal to reverse.

Plaintiff's allegation that it is a branch of the Grand
Lodge of the Independent Order of Odd Fellows of Ken-
tucky, and that by virtue of the charter granted to that
lodge it is a corporation authorized to sue and be sued,
is not a sufficient allegation of corporate existence to en-

172 . KENTUCKY REPORTS. [Vol. 105

Nichols v. Bardwell. Lodge No. 179 I. O. O. F.

able it to maintain this action. It is not alleged that the Grand Lodge, by virtue of whose charter it claims to exist, is a corporation empowered by law to hold property, sue and be sued, or contract and be contracted with, and plaintiff does not claim to have been incorporated by any act of the Legislature, or by any proceeding in court. Whilst parties to an action may be natural or artificial, they must be real, and not fictitious; and a mere voluntary association has not the power to sue in the name of the association. And whilst the Grand Lodge was made a party to this proceeding upon its own petition, it claims the right to control the fund in contest only by virtue of the rules and by-laws of its order. It is nowhere alleged that it is an incorporate body, and no provision of its charter is plead or relied on which operated to vest the title to this fund in the Grand Lodge at the date of its distribution, or at the time Merritt Lodge ceased to exist, or which authorized its transfer and assignment by the Grand Lodge to plaintiff. It is insisted by appellee that this court is required, by section 1624, Ky. Stat., to take judicial notice of the act of the Legislature incorporating the Grand Lodge, although it was neither plead nor read as evidence on the trial in the court below. The statute relied on has, in substance, been a part of the statute law of this State almost from its organization, varying, however, somewhat in the phraseology employed. The act of 1797 (Morehead & Brown, 326), declares that the private acts of an assembly may be given in evidence without being plead specially, and section 1 of chapter 35 of the Revised Statutes declares that "acts and resolutions of the General Assembly, local or private, may be given in evidence without being specially pleaded," and that "the Appellate Court shall take judi-

cial notice of such private acts as appear to have been relied on in the inferior court." And it was held that, under these statutes, the inferior courts, as well as this court, were bound to take notice of private statutes, where they were relied on in the new trial in the lower court, although not specially pleaded. See H. & N. Railroad Co. v. Leavell, 16 B. Mon., 358, and Halbert v. Skyles, 1 A. K. Marsh., 368. The provision of the General Statutes—which is also a provision of the Kentucky Statutes—requires that "the several courts of this Commonwealth shall take judicial notice of the acts of the General Assembly;" and in construing this act it was held in Lackey v. R. & L. Turnpike Road Co., 17 B. Mon., 47, that "although a private act may not be read in evidence, yet if it manifestly appeared that it was relied on in the court below, the Court of Appeals will take judicial notice of it."

The Code of Practice, section 119,—which was substituted for section 144 of the Code of Civil Practice of 1854,—provides: Subsection 1. Neither the evidence relied on by a party, nor presumptions of law, nor facts of which judicial notice is taken, excepting private statutes shall be stated in a pleading. Subsection 2. In pleading a private statute, it shall be sufficient to refer to it by stating its title and the day on which it became a law." This provision of the Code is a recognition of the distinction of the common law between private and public acts, and must be construed to qualify the requirements of the statute where the private acts of the Legislature are relied upon. But it is provided that it shall be sufficient to refer to a private act by stating its title and the day on which it became a law; and this is a reasonable requirement, in view of the vast number of private acts which fill the Blue Books, and which can be

discovered only by a tedious examination thereof. It certainly was not intended by the Legislature that the burden of hunting up these private acts and their various amendments should be assumed by the courts. All that is required of them is that they shall take judicial notice of such statutes when they are specially plead, as required by the Code, or when it appears from the record that they were relied on as evidence on the trial in the court below. (See City of Covington v. Hoadley, 83 Ky., 446, and Zable v. Lou. Bap. Orphans' Home, 92 Ky., 90, [17 S. W., 212.]) The appellant denied that the Grand Lodge had any interest in the fund in contest, or any power to assign it to appellee. The burden of establishing the fact was upon the plaintiff, and it has wholly failed to do so. For the reasons indicated, the judgment is reversed, and the cause remanded for a new trial and proceedings consistent with this opinion.