## Hill et al. v. Hoover.
Dec. 4, 1942.

Haynes Carter for appellant.

Floyd K. Hollan for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

This is an appeal by Henry Hill from a judgment against him in favor of the appellee, Joe Hoover, for $673.45, plus interest and costs; and by his wife, Della Hill, from a judgment awarding appellee a lien on her

property to secure the payment of 45/83, or $365.12, of the aforesaid judgment.

The Chancellor further decreed that appellee's judgment against Henry Hill should be credited with any sum realized by appellee through the enforcement of the lien awarded him. The facts are unusual, and may be summarized as follows:

Joe Hoover, Della Hill, and Jesse VanMeter were purchasers of separate parcels of real estate formerly owned by C. M. Hill who had mortgaged his acreage, which included these three tracts, to the First Hardin National Bank as committee for an incompetent. This mortgage, as well as a second mortgage executed by C. M. Hill on April 1, 1932, to the Cecilian Bank, though of record, was unsatisfied and unreleased at the time of the respective purchases. The First Hardin National Bank foreclosed its mortgage and obtained satisfaction of its debt from the sale of that portion of the original acreage remaining in the possession of C. M. Hill. The Cecilian Bank was made a party defendant, and, by cross-petition, sought an enforcement of its mortgage against the parcel sold to Hoover. The balance due the Cecilian Bank was $610.70 with interest from April 1, 1940, and judgment was entered directing the sale of Hoover's tract in satisfaction thereof. To prevent the sale of his property, Hoover, on April 5, 1941, paid the judgment in favor of the Cecilian Bank amounting at that time to $673.45. Thereafter, he filed a cross-petition seeking a personal judgment against Henry Hill for the amount which he had been required to pay, and a lien on the tracts purchased by Della Hill and Jesse VanMeter to secure the payment of so much of the aforesaid sum as represented the contribution equitably due from them. Henry Hill is the son of C. M. Hill the original owner, and the basis of Hoover's claim to a personal judgment against Henry Hill was that he was a comaker of the $1,200 note secured by the second mortgage which C. M. Hill had executed to the Cecilian Bank, the failure to satisfy which, had rendered Hoover's property and that of the other purchasers, liable. VanMeter was never served with summons, but by agreement of the parties the Court appointed appraisers to appraise the tracts which the three purchasers had acquired from C. M. Hill. The appraisers valued the three properties, exclusive of the improvements placed thereon by the purchasers,.

as follows: Della Hill's land, $900; Joe Hoover's land, $660; and the Jesse VanMeter land, $100. Thereafter, in accordance with this report, the Court found that Della Hill's proportion of the debt to the Cecilian Bank was 45/83; that of Hoover, 33/83; and that of Van-Meter, 5/83, and rendered the judgment appealed from.

Henry Hill disputes the propriety of the judgment against him on the ground that he was not a comaker of the $1,200 note to the Cecilian Bank, claiming that he signed the same some years later in ignorance of the fact that his individual note for $500 and C. M. Hill's note for $700 had been merged, and while under the impression that he was signing a note for his individual debt. However, his testimony is too vague and indefinite to establish these facts, even if they constituted a defense in law. It is not borne out by the testimony of the bank official who handled the transaction; and, in any event, his genuine signature appeared on the note as a comaker, and Hoover, who was not a party to the transaction, had the right to look to him as such. Accordingly, we perceive no reason for disturbing the personal judgment against Henry Hill, and it is affirmed.

It is not seriously contended that the method employed by the Chancellor in determining the proportionate liability to the Bank's mortgage of the three tracts purchased from C. M. Hill was incorrect. Indeed, it could not have been so contended in view of our decision in the case of Dickey v. Thompson, 8 B. Mon. 312, which treats at length of the topic under consideration. However, Mrs. Hill insists that appellee, by his failure to procure an assignment of the Cecilian Bank's judgment, lost any right he might have had to subrogation, and cites several decisions of this Court which do not decide the question here involved. However, it is thoroughly established that the right of subrogation arises independently of statutory regulations, and is not to be affected by the willingness or unwillingness of the original creditor to transfer the security. Equity regards as having been done that which ought to have been done, and when the right to subrogation arises, in effect, makes the assignment. Ruling Case Law, Volume 5, page 1320; Davis v. Kinnaird, 271 Ky. 428, 112 S. W. (2d) 412.

It is also contended by Mrs. Hill that the Chancellor erred in adopting without hearing proof, the valuations made by the appraisers. But no exceptions were filed to

their report, they were appointed by agreement of the parties for the purpose of ascertaining the values of the tracts so that the proportionate liabilities could be determined, and it is not contended that the values reported were erroneous.

The remaining contention of Mrs. Hill is that in any event the Chancellor erred in fixing the proportion of the Bank debt which her property should bear at $365.12, and this contention we find meritorious.

On April 13, 1940, Mrs. Hill and her husband executed a mortgage to the Cecilian Bank for $344 which appears to have been the portion due from him as between himself and his father of the balance of the $1,200 mortgage note held by the Bank. Whether they did this thinking that Mrs. Hill's property would be thereby released from the lien of the Bank to secure the $1,200 note is immaterial. They were informed by the Bank that it would not have this effect. In any event, the lien was not released. The point is, however, that the proceeds of the $344 mortgage were credited as a payment on the balance of $935 then due on the $1,200 note, and reduced it to the principal amount which appellee was required to pay in order to discharge the mortgage. Appellee argues that there was no allegation or proof to this effect, but the copy of the $1,200 note filed with the Bank's pleading shows a credit on principal as of April 13, 1940, of $349.30, and it is impossible to read the proof without concluding that the proceeds of the $344 mortgage were applied as a credit on the $1,200 note. Therefore, Mrs. Hill, as well as appellee, contributed to the payment of the Bank's mortgage debt. It is argued by appellee that the Chancellor was justified in ignoring this payment by Mrs. Hill because her pleading alleged only a payment of $250, and failed to sufficiently disclose the date on which the payment was made. We think the pleading sufficient, but are, of course, limited to the sum named in the pleading, although the proof shows that it should have been $344. Thus, the total payments made by appellee and Mrs. Hill on the mortgage debt due the Cecilian Bank aggregated $923.45, of which, adopting the proportions of liability found by the Chancellor as a necessary result of the Commissioner's valuations, appellee's land was liable for $367; Mrs. Hill's for $500.85; and Jesse VanMeter's for $55.60. Accordingly, appellee was entitled to a lien on Mrs. Hill's land for $250.85,

representing the difference between the amounts chargeable against appellee's land and that of VanMeter's, and the $673.45 actually paid by him. Mrs. Hill, of course, would have been entitled to a judgment against Henry Hill, had she sought it, for the payment made by her on the Bank's $1,200 note.

So much of the judgment as awards appellee a lien on Mrs. Hill's land to secure the payment of $365.12 is reversed, and in lieu thereof, the Court will award appellee a lien for $250.85.