## Keehner v. Burchnell.

November 18, 1947.

Rehearing denied January 23, 1948.

William H. Field, Judge.

Arny & Richard for appellant.

Carl K. Helman for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Judgment having been rendered overruling the motion of Frank Keehner, appellant, to vacate a previously entered default judgment in favor of Sergeant Harold Burchnell, appellee, the former now prosecutes this appeal.

Appellant contends that the judgment overruling his motion is reversibly erroneous (1) because he proved that he was never served with summons in the original action and (2) because he proved that the original action lay "stale" on the court's docket for more than two years prior to the entry of the default judgment, under which condition the appellant was entitled, by the practice rules of Jefferson Circuit Court, to reasonable notice of the revivification of the action by appellee, before entry of the default judgment and (3) because the assessment of the amount of damages was made in the original action without the intervention of a jury.

1. While appellant proved by his own bare statement that he was never served with a summons prior to the entry of appellee's default judgment against him, yet the summons itself shows on its face that appellant was duly served and that he was not only correctly named therein but that his street address was accurately specified thereon. The return is in proper form and it shows that the summons was executed on appellant in correct manner and in due season. Besides, there is some evidence to the effect that appellant made a statement saying that he had received the summons and that he had turned it over to his then attorneys, who were not the same as his present attorneys, for their attention. Under these circumstances, we believe that the trial judge was justified in concluding that appellant insufficiently bore the burden of proving that he had never been served with a summons in the original action. It requires clear and convincing evidence to impeach an officer's return on a process. See Greene v. Cawood, 230 Ky. 823, 20 S. W. 2d 984. Appellant did not, we believe, furnish the necessary evidence of such clear and convincing character as the law requires to destroy the efficacy of a process return made by a sworn, bonded and apparently disinterested official.

2. Taking up appellant's second contention, it

must be conceded that appellee's cause of action, as this record shows, lay dormant on the Jefferson Circuit Court's docket from 1942 until 1946. On November 4, 1946, the case was "set at rules," which signified that it was destined for an early future step. On November 8, 1946, it was set for a hearing on the question of assessment of the amount of damages. On November 20, 1946, the hearing was held and the final default judgment was entered.

Rule 1906 of the Practice Rules of the Jefferson Circuit Court provides as follows: "Stale actions.— When an action has remained for two years without any step taken in it calculated to show the court, or the opposite party, that it is prosecuted or defended, no step shall be taken therein unless upon reasonable notice thereof in writing to the other party or his attorney."

There is no contention that appellant was notified of the revivification of appellee's cause of action under the formalities required by the provisions of Sec. 624 et seq., Ky. Civil Code of Practice. But appellee does contend that appellant was actually notified of this revivification by a letter written by appellee's attorney and that appellant and his wife thereupon responded by coming to the attorney's office. Appellee filed the affidavit of his attorney showing that this letter had been written to appellant on October 28, 1946, and that the letter thus gave appellant written notice of appellee's intention of setting the case on November 8, 1946, for its final hearing before judgment. A copy of this letter, which was attached to the attorney's affidavit, reads as follows:

"October 28, 1946.

Mr. Frank Keehner
1472 Lillian,
Louisville, Ky.

Dear Sir:-

I wrote you on Sept. 13th with reference to settlement of the claim of Harold Burchnell.

I have failed to hear from you with any offer of settlement, therefore I am setting this case on the docket

November 8th, 1946. It is to be called that day for the purpose of assigning it for assessment of damages.

You may be governed accordingly.

Very truly yours,

CKH/sk''              Carl K. Helman

While appellant denied that he had received this letter or that he had responded to it by going to Helman's office, yet Helman's affidavit tended to establish the contrary. The trial judge is presumed to have known both Keehner and Helman. He chose to believe Helman. We would now be taking an unusual, illogical, inequitable, discriminating attitude to supplant that choice of the trial judge with a different one of our own.

We have been cited to no court opinion interpreting Rule 1906 of Jefferson Circuit Court so as to require the written notice mentioned in this rule to be given with code formality. We believe that it is a statement of correct conception to say that a court's rule of practice does not ordinarily rise to the dignity of a code provision. And so, following what we believe to be an interpretation of ordinary, common sense as to this rule of practice, we are led towards the viewpoint of its informality rather than its formality, towards the viewpoint of its substantial fulfillment by means of a duly posted letter from one litigant to another, towards the viewpoint that members of the Louisville bench and bar would have specifically designated a formal, code notice had such been the intended requirement. Surely a litigant summoned in court must always recognize some necessity of keeping on the alert, either through his own or his attorney's diligence, to the bitter end or the happy conclusion of his litigation, whether in one month or five years.

For the reasons already set forth, we believe that the trial judge committed no error in holding that appellant received a reasonable notice in writing of appellee's intended revivification of his action before judgment was rendered.

3. Appellant's third contention, as he himself concedes in his brief, was not projected into his original motion as one of his grounds for vacating appellee's

judgment. This third contention is therefore in the nature of an afterthought, a child of appellant's brief yet not progeny of the specific controversy which came up for a settlement in the trial court. In other words, the trial judge has not yet had any opportunity whatever to commit himself on this last proposition.

Since appellant proceeded to attack appellee's default judgment with a motion as his weapon of legal warfare, such motion was in effect, his very cause itself. It was essential, therefore, that appellant's motion contain all the allegations of his legal cause. Every such cause can be sustained only by the specific allegations of the written vehicle which carries it into court. This vehicle is called a pleading, which may be and frequently is in the form of a motion.

Without allegation no legal weapon can be successfully aimed. Without proof none can successfully dent the target of final judgment. Allegata et probata— these are the twin causes of all legal effects.

Proof, unless based on averments in the complaint, is as fatal to success as averments are without proof. Harris v. Flanery, 9 Ky. Op. 318. It is as necessary to state a cause of action as it is to sustain it by proof. The absence of either prevents a recovery. Murrell v. McAllister, 79 Ky. 311; Adams v. McAllister, 2 Ky. Law Rep. 323.

Appellant's third contention, which was set out in his brief but not in his pleading, cannot be considered or decided for the reasons indicated.

Wherefore, having found no error in the trial court's judgment, the same is now hereby affirmed.