**LOUISVILLE & N. R. CO. v. COMPLETE AUTO TRANSIT, Inc.**

Court of Appeals of Kentucky.

June 19, 1953.

C. S. Landrum and C. E. Rice, Jr., Lexington, Joe G. Davis, Pierce Lively and Chenault Huguely, Danville, for appellant.

James F. Clay and P. M. Lanier, Danville, Stoll, Keenon & Park, Lexington, for appellee.

DUNCAN, Justice.

This appeal is from a judgment against appellant in favor of appellee for the sum of $3,467.91, growing out of an accident on a public crossing at Parksville, Kentucky, on April 12, 1951, when appellee's truck-carrier trailer truck was struck by one of appellant's freight trains after the trailer truck had been "hung" on the crossing. The truck-carrier was 43 feet long and was constructed to carry three trucks but was carrying only two at the time of the collision. The load was 13 feet, 6 inches high and 96 inches wide.

After the carrier "hung" on the track, a train was heard in the distance, and the driver ran up the track in an effort to flag the train but was unable to do so in time to avoid the collision. The train, consisting of two Diesel engines, forty-three loaded freight cars, three empty freight cars, and a caboose, struck the carrier and knocked it and the tractor to the right or east side of the track into an electric crossing signal. The negligence upon which appellee relies is the failure of appellant to maintain its crossing in a reasonably safe condition. In support of this claim, five witnesses testified that appellant's section crews from time to time during the past twenty years had raised the rails at the crossing from 1 to 3 feet above the surface of the highway. The "hanging" of the truck-carrier was attributed to this fact.

Upon the appeal, complaint is made concerning alleged errors in instructions and admission of incompetent evidence. Inasmuch as the case is being reversed for the reason which we shall discuss as the opinion proceeds, we will not consider or decide the other grounds urged by appellant.

Appellee's petition, in alleging the damages which it sought to recover, charged that the trailer and tractor were damaged in the sum of $2,450, and that expense for wrecker service in the amount of $150 was incurred. It also alleged damages of $1,300 to the trucks which were being transported at the time of the collision. The testimony indicated a maximum damage to the tractor and trailer of $2,744.50, wrecker service of $200, and damage to the transported vehicles of $500. Recovery within the limit of the proven amounts was authorized by the court's instruction to the jury, thereby exceeding in the particulars indicated the amounts sought by the petition.

The amount of damages which may be recovered on any specific item is limited by the amount sought in the petition as well as the amount proven in evidence. The court had no right to submit and the jury was without power to award any sum in excess of the amount sought by the petition. Louisville & Nashville R. Co. v. Watkins, 71 S.W. 882, 24 Ky. Law Rep. 1464; Dowdy v. McGuire, 216 Ky. 374, 287 S.W. 948; Hill v. Hoover, 292 Ky. 548, 166 S.W.2d 450.

We have no power to correct the excessive award by remittitur. Louisville & N. R. Co. v. Earle's Adm'x, 94 Ky. 368, 22 S.W. 607. It is only where the items constituting the damages recovered are separable so that the court may eliminate those not properly recoverable from those which are recoverable that a remittitur may be ordered. Chesapeake & O. Ry. Co. v. Meyers, 150 Ky. 841, 151 S.W. 19. Here there is no separate item of damages improperly recovered. There was an excessive recovery, made possible by the erroneous instruction, on an item which was properly included in computing damage.

■ At the close of appellee's proof, counsel moved the court for leave to amend the petition to conform to the proof. No order of the court appears in the record concerning the motion, and appellee insists that the measure of damages set out in the instruction was a tacit granting of appellee's request.

Section 134, Civil Code of Practice, permits amendments and is intended to liberalize the rules of pleading in the interest of justice. However, we do not regard the rule concerning amendments as sufficiently broad to enable us to consider a pleading which was neither filed nor tendered.

All other questions raised on the appeal are reserved.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.