**HIPP–GREEN LUMBER CORPORATION, Appellant,**

**v.**

**J. I. POTTER and Evelyn Potter, Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Joseph S. Freeland, Paducah, for appellant.

Joseph J. Grace and Andrew J. Palmer, Paducah, for appellees.

CLAY, Commissioner.

In this action appellees recovered $8,000 damages resulting from appellant's claimed breach of a contract to furnish a particular kind of lumber for use in the construction of a motel near Paducah. On this appeal appellant raises a number of objections to the pleadings, proof and instructions.

Appellant's first contention is that it was entitled to a judgment notwithstanding the verdict because appellees' petition failed to state a cause of action. The petition alleged appellant agreed to sell appellees certain quantities of lumber to be used in the construction of a motel and the former "warranted" it to be kiln dried. The damages asked were set forth as the loss suffered on the sale of the motel several months later because the inferior grade of lumber furnished caused it to decrease in value.

Appellant contends that this pleading is defective in two material respects: (1) it attempts to set forth a cause of action based on an express warranty and appellees failed to allege their reliance thereon; and (2) the damages asked are special damages and there is no allegation that appellant had notice of the special circumstances, i. e., the proposed sale of the motel.

The petition is not skillfully drawn, and it does not clearly and fairly present the true character of the plaintiffs' claim or cause of action. The use of the word "warranted" creates an ambiguity. Appellant insists appellees were attempting to allege and express warranty, whereas in their brief appellees suggest they were alleging an implied warranty. As a matter of fact, the word may well have been used in the petition as synonymous with "agreed". If the latter construction is adopted, then the petition stated a cause of action in this respect and appellant was not entitled to a judgment on the pleadings. However, as will be later noted, the failure of appellees to state their claim directly, accurately

and adequately resulted in prejudice to appellant.

Concerning appellant's second objection to the petition, there was an abortive attempt to allege special damages. However, the allegation that the building was caused "to decrease in value" may under the circumstances be considered sufficient to entitle appellees to relief. The motion for judgment should not have been sustained on this ground, but the misleading character of the petition in this respect likewise, as noted in the preceding paragraph, resulted in prejudice to appellant.

It is claimed by appellees that the verdict cured any defects in the petition if the proper issues were presented to and considered by the jury. The cases of Hill v. Ragland, 114 Ky. 209, 70 S.W. 634; Black Log Lumber Co. v. Stepp, 211 Ky. 390, 277 S.W. 466; Crawford v. Crawford, 222 Ky. 708, 2 S.W.2d 401; and Cobb v. Farmers & Merchants Bank, 267 Ky. 744, 103 S.W.2d 264 are cited. However, as noted in the last case cited, this rule is subject to the qualification that the substantial rights of the complaining party have not been prejudiced. Under CR 15.02 issues not raised by the pleadings must have been tried by the "express or implied consent" of the parties. It appears to us that appellant was materially prejudiced by the evidence and the instruction on the measure of damages.

There was proof for appellees relating to an express warranty. This was incompetent since a proper pleading had not been directed to that issue. As a general rule, proof without pleading is of no avail. Pilcher's Sons v. Stadler, 276 Ky. 450, 124 S.W.2d 475; Keehner v. Burchnell, 306 Ky. 556, 207 S.W.2d 30. Since it was not pleaded that appellees relied upon appellant's judgment or representations, appellees' evidence on this point was improperly admitted over appellant's objections.

There was other objectional testimony. Mr. Potter, who was one of the appellees, undertook to testify concerning the reasonable market value of the motel and was not shown to have any qualification other than that he was one of the owners. It is true we have held in Barron v. Phelps, Ky., 1951, 238 S.W.2d 1016, that the owner of land is competent to testify concerning its value. However, we have never extended the rule so far as to say that mere ownership of property of the character involved in this controversy, standing alone, constitutes a sufficient qualification on the subject of reasonable market value.

Though appellant objects to the expert testimony of two other witnesses, we believe they were shown to be qualified.

Appellant contends that the parol evidence rule was violated in that appellees testified appellant had agreed to furnish a specific type of lumber different from that shown on a written estimate prepared by appellant. The position is taken that this writing is a contract and that appellees' testimony contradicts its terms. The simple answer to such a contention is that the "estimate" is not a contract (it was not signed by either party) and does not purport to specify any grade of lumber.

Finally we reach the instruction on the measure of damages. This instruction referred to the difference in the reasonable market value of the motel as it was and its reasonable market value if appellant had furnished the type, kind and grade of lumber which appellant had agreed to furnish. While we have noted above that the petition did refer to a decrease in value of the motel, we believe appellant was misled by the petition concerning the damages claimed, and that this instruction should not have been given in the absence of an amendment of the petition. The petition and some of the evidence was directed to special damages allegedly resulting from a sale of the motel, and appellant did not present any evidence on this issue. The shifting of proof to the question of reasonable market value actually caught appellant by surprise, and while the evidence may have justified the instruction, it was not sufficiently supported by the pleading.

An examination of the entire record convinces us appellant did not have a fair trial because of the ambiguities and deficiencies of appellees' petition. While we do not believe that the state of pleadings and proof justified the entry of a judgment for appellant notwithstanding the verdict, in our opinion a new trial should have been granted.

The judgment is reversed, with directions to grant appellant a new trial and to permit appellees to reform their petition so that it fairly presents the true nature of their claim and the relief sought.