**ALLEN CO., Inc.**

v.

**THOROUGHBRED MOTOR COURT, Inc. et al.**

Court of Appeals of Kentucky.

June 4, 1954.

As Modified on Denial of Rehearing

Nov. 5, 1954.

tourist court for appellees in the city of Winchester. At the time of the termination of the contract, the building was about 75% complete. The appellant claims a balance of $20,426.70 for labor and materials furnished prior to termination of the agreement, under which appellant was to receive the cost of the building plus 10%. The appellees counterclaimed for $19,900 for faulty and unworkmanlike construction. Upon a trial before a jury, lasting for ten days and creating a record of five volumes of testimony, the appellant recovered a verdict for $11,573.55, which is some $8,900 less than the amount which appellant claims to be entitled to recover.

Several grounds for reversal are urged and discussed in the briefs. In the interest of brevity, we shall omit a detailed statement of the facts and discuss only the grounds which, in our opinion, are meritorious and collectively require a reversal.

The appellee, Harry Barnhart, who is president of the appellee Thoroughbred Motor Court, Inc., testified at length as to the diminution in the value of the motor court by reason of the alleged faulty construction. This witness had never bought or sold similar property, although he did know of one such sale in the vicinity.

Under the circumstances, we do not think the qualification of the witness was shown. There must be some basis for a knowledge of market values before a witness may express an opinion as to value.

It has been held that the owner of land is competent to testify to its value, and his estimate is received, although his knowledge on the subject is not such as would qualify him to testify if he were not the owner. Barron v. Phelps, Ky., 238 S.W.2d 1016. However, this Court recently has held that mere ownership of real estate of the character here involved does not qualify a person to testify as to its value. Hipp-Green Lumber Corp. v. Potter, Ky., 271 S.W.2d 892. In any event, the witness Barnhart does not qualify as a landowner, because he is merely an officer of a corporate owner.

Beverly White, Winchester, for appellant.

Hays & Hays, William O. Hays, Winchester, and Robert H. Hays, Lexington, for appellees.

CULLEN, Commissioner.

This action is the outgrowth of a controversy between the parties concerning the performance of a cost-plus contract by which appellant agreed to construct a

Appellant cites seven other instances in which it is urged that incompetent evidence was admitted over objection. A detailed discussion of these complaints would unduly lengthen the opinion and would contribute nothing in the way of enlightenment to the bench and bar. It is sufficient to say that the other evidence to which our attention has been called is competent and no error is reflected in its admission.

Several grounds are assigned in support of the contention that the instructions are erroneous. In the respects indicated, we concur with appellant's contentions.

Instruction 3 permitted the jury to find for appellee a sum not exceeding $1,500 for the cost of redoing faulty work performed by appellant. The evidence for appellees disclosed that only $377.90 was expended for this purpose.

■ We have often said that the amount of damages recoverable for any specific item is limited by the amount proven in evidence as well as the amount claimed in the pleadings. The amount authorized by the instruction was within the amount sought by the counterclaim but exceeded the amount shown in evidence. In Louisville & N. R. Co. v. Complete Auto Transit, Inc., Ky., 259 S.W.2d 483, we had the converse of the situation presented here. There, the court, by its instruction, had permitted damages in excess of the amount claimed in the petition but within the amount shown by the evidence. As we pointed out in that case, we have no power to correct the error by remittitur. The rule that remittitur may be ordered only when damages improperly recovered are severable from those properly recovered is particularly applicable here since it would be impossible to ascertain how much the jury awarded on this item.

■ Instruction 5 authorized a recovery for appellees to the extent of any materials used or labor performed which was not reasonably necessary. No separate claim for damages on this account was asserted by either the original or amended counterclaim. Under these circumstances, the instruction should not have been given. It is unnecessary to cite the many cases in which we have consistently held that the instructions must be confined to the issues formed by the pleadings.

■ Appellant also insists that the contractor is not liable under a cost-plus contract except for fraud or gross neglect. No authority is cited or found in support of this contention, and we are not impressed by appellant's reasoning. It is true that the owner assumes certain risks under a cost-plus contract, such as increases in prices of materials and wages, damage to the structure from fire or wind, and possible error in estimating costs. However, we do not think the owner assumes the risk of careless or improper workmanship on the part of the contractor.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.