**BUSINESS REALTY, INC., et al.,**
**Appellants,**

**v.**

**NOAH'S DOVE LODGE #20, etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

As Modified on Denial of Rehearing
Feb. 14, 1964.

**390**

Davies & Hirschfeld, Newport, Ware & Ware, Covington, for appellants.

Thomas Hardesty, Newport, Turner & Jones, New Castle, for appellees.

CLAY, Commissioner.

This suit was brought against an adjoining landowner and a contractor to recover damages to a building caused by the removal of lateral support by excavation work. The jury returned a verdict for $26,200 (including $1200 punitive damages) and judgment was entered for "the plaintiff Noah's Dove Lodge #20". Appellant defendants assign nine different errors.

This case has several unusual features. The endless pleadings and motions are almost incomprehensible. There is really no dispute with respect to the basic liability of one or both of the defendants for the damage caused to the building. See 1 Am.Jur.2d, Adjoining Landowners, sections 44 and 45 (page 732). There is extended controversy concerning the real parties in interest and the nature and amount of damages.

Defendant Business Realty, Inc. owned real estate on West Sixth Street in Newport. Adjoining it is what is known as the "Odd Fellows Hall". The latter consists of three buildings erected at different times but according to the evidence they were so closely integrated as to constitute a single unit. The other defendant, Fredericks, doing excavation work for Business Realty, Inc., impaired the lateral support of one of the Odd Fellows' buildings, causing the walls, floors, and general structure to be substantially damaged.

■ Suit was brought by "Noah's Dove Lodge #20, Encampment #12, Independent Order of Odd Fellows, By Its I. O. O. F. Hall Board Association". Thereafter by pleadings and motions defendants raised the issue that the plaintiffs were not the real parties in interest and had no capacity to sue. This hardly seems open for debate. Admittedly the organizations named were voluntary associations. They are not legal entities and in Kentucky they cannot properly sue or be sued as such. Nichols v. Bardwell Lodge, No. 179, I. O. O. F., 105 Ky. 168, 48 S.W. 426, 6 Am.Jur.2d, Associations and Clubs, section 15; 39 Am. Jur., Parties, section 46. (Legislation rectifying this deplorable situation is needed. See Clay, CR 4.04(4), Comment.)

■ Apparently counsel for the nominal plaintiffs realized there was a defect of parties because a motion was made to add three individuals as party plaintiffs and as *representatives* of the voluntary associations and their members. These individuals were officers of the "Odd Fellows Hall Association", which was alleged to be the same organization as the association to whom the property was originally deeded. The trial court entered an order making them parties plaintiff as representatives of "Noah's Dove Lodge #20" and "Odd Fellows Hall Association". It seems obvious that since these persons were being made parties as representatives of a class under CR 23.01, they were representing the *members* of the organizations and the order adding their names as parties should have so provided. A peculiar twist in the case is that the judgment does not mention these individual party plaintiffs,

who, plaintiffs' counsel practically admits, are the only parties with the legal capacity to sue as representatives of a class. (Neither appellants nor appellees seem to be aware of the fact that the *judgment* does not include these essential parties.)

One of defendants' principal contentions on this appeal (which has been their contention throughout) is that the plaintiffs are not the real parties in interest and had no legal capacity to sue. This contention is well founded with respect to the two named voluntary associations. Their contention that the court improperly permitted the three individual plaintiffs to intervene is not well taken. They did not intervene under CR 24, but were added as party plaintiffs in a representative capacity in a class action under CR 23.01. As representatives of the *members* of the owning organizations, they would be the real parties in interest and would have the capacity to prosecute this suit. As heretofore noted, however, the judgment is not in their names. The judgment for "Noah's Dove Lodge #20" is not a proper judgment and must be reformed for this, if no other reason.

The defendants maintain that there was no proof that the individual plaintiffs were members of the association to whom the property originally was deeded ("Odd Fellows Hall of Newport, Kentucky"). However, in our opinion the record established a sufficient interrelation between that association and the other-named associations of which the individual plaintiffs admittedly were members, to justify treating the individual plaintiffs as trustee representatives of the members of the title-holding association. At the very least, the evidence showed that the individual plaintiffs were members of the association that was in actual possessory control of the property.

Defendants contend the court should have allowed each of the two defendants three peremptory challenges. There is no merit in this contention because their interests were not antagonistic. See Roberts v. Taylor, Ky., 339 S.W.2d 653.

It is next contended the court erred in admitting opinion evidence of unqualified witnesses as to the market value of the Odd Fellows Hall. (It ranged up to $125,000.) This testimony by the individual plaintiffs was incompetent on two grounds. The building was damaged, not destroyed. The measure of damages is the cost of repairs to restore the property to its original condition (where it reasonably may be done). Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S.W.2d 749. The market value of the property was irrelevant. In addition, we do not think these plaintiffs, as representatives of a class, could be classified as *owners* of this real estate so as to qualify them to testify with respect to the market value in the absence of any other qualifications. See Barron v. Phelps, Ky., 238 S.W.2d 1016; Hipp-Green Lumber Corporation v. Potter, Ky., 271 S.W.2d 892; Commonwealth v. Fister, Ky., 373 S.W.2d 720, (this day decided).

However, this testimony could not have been prejudicial. The jury verdict was $10,000 less than the cost of repairs estimated by the only witness qualified to testify with respect thereto. In their brief defendants admit the jury must have disregarded the market value testimony.

Defendants' contentions with respect to a directed verdict and a judgment notwithstanding the verdict pertain to the matter of parties which we have heretofore discussed. The contentions with respect to the instructions cannot be considered because defendants failed to present these questions to the trial court as required by CR 51. Other contentions we find without merit.

We find no prejudicial error committed during the trial of this action. As we observed at the outset, however, the judgment is in favor of a fictitious party rather than the representatives of the true own-

ers and possessors of the damaged property.

The judgment is reversed with directions to re-enter it in favor of the individual plaintiffs as representatives of and trustees for the members of the voluntary association which owned the property.